SHARM, INC. D/B/A El Bingo Grande, (Erroneously Named "Bingo Gardens"), Transcontinental Insurance Company, Henry (Hank) Anawaty, III and Mike Sharlot, Relators,

v.

The Honorable Benjamin EURESTI, Jr., Presiding Judge of the 93rd District Court of Hidalgo County, Texas, The Honorable Fernando G. Mancias, and Santos Martinez, Respondents.

No. 13–94–157–CV.

Court of Appeals of Texas, Corpus Christi.

July 21, 1994.

---

Eloy Sepulveda, Weslaco, Craig S. Smith, Smith & Edwards, Corpus Christi, Felipe Garcia, Jr., Law Offices of Ramon Garcia, P.C., Edinburg, for respondents.

Portia J. Bott, Cooper & Huddleston, Dallas, Lynn E. Coleman, Thornton, Summers, Biechlin, Dunham & Brown, McAllen, Reynaldo Ortiz, Ortiz & Garcia, McAllen, for relators.

Before SEERDEN, C.J., and DORSEY and GILBERTO HINOJOSA, JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

Relators, Sharm, Inc. d/b/a El Bingo Grande, Transcontinental Insurance Company in Association with CNA Insurance Company, Henry Anawaty, III, and Mike Sharlot (collectively "Sharm"), bring the present mandamus proceeding complaining of the trial court's failure to quash two oral depositions in connection with the second lawsuit brought against it by the real party in interest, Santos Martinez. We deny leave to file as improvidently granted.

Martinez first sued Sharm for slip and fall injuries on Sharm's business premises. After Sharm failed to answer that first lawsuit, Martinez obtained a $2.7 million default judgment against Sharm which appeared to become final when Sharm missed the ordinary time period for filing motion for new trial or perfecting appeal. However, Sharm filed a motion for new trial supported by affidavits alleging both that it had not received timely notice of the default judgment and was thus entitled to the extension provided by Texas Rule of Appellate Procedure 5(b)(4), and that it met the *Craddock* test [1] concerning entitlement to a new trial following a default judgment. Because Sharm's allegations concerning notice were uncontroverted, this Court accepted jurisdiction over the appeal, which has now been submitted and remains pending before the Court. *See Sharm, Inc. v. Martinez,* 885 S.W.2d 165 (Tex.App.—Corpus Christi 1993) (opinion concerning dismissal for want of jurisdiction).

Martinez then filed a second lawsuit against Sharm alleging numerous causes of action, breach of contract, civil conspiracy, DTPA and insurance code violations, all of which are based on allegations of false statements in Sharm's motion for new trial in the first lawsuit. In connection with the second lawsuit, Martinez has now noticed for oral deposition the two affiants on the motion for new trial who are accused of making these false statements. Sharm moved to quash the depositions and filed a plea to the jurisdiction arguing that the second lawsuit amounts to a relitigation of the first and should be either dismissed for lack of jurisdiction or abated until the appeal of the first is concluded. The trial court denied Sharm's motions to quash but has not yet ruled on Sharm's plea to the jurisdiction.

Sharm brings the present mandamus proceeding asserting that the requested discovery in the second lawsuit somehow invades the evidentiary record of the pending appeal and challenges this Court's jurisdiction. The process of discovery in the second lawsuit does not affect this Court's jurisdiction over, or determination of, the pending appeal of the first lawsuit. Moreover, because the trial court has not yet had the opportunity to rule on Sharm's plea to the jurisdiction, we do not believe that its present concerns of conflicting jurisdiction are

---

1. *Craddock v. Sunshine Bus Lines, Inc.,* 134 Tex. 388, 133 S.W.2d 124 (Comm'n App.1939), opinion adopted.

ripe for this Court's determination by way of mandamus.

Nevertheless, we do not mean for our overruling of the present petition to be misunderstood as precluding further attempts to invoke this court's mandamus jurisdiction once the trial court has ruled on relator's plea to the jurisdiction.

 Mandamus will issue only to correct a clear abuse of discretion or violation of a duty imposed by law when that abuse cannot be remedied by appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex.1992). Specifically, mandamus will not generally issue to correct incidental rulings of the trial court, including orders sustaining or overruling pleas to the jurisdiction. *Canadian Helicopters Ltd. v. Wittig,* 876 S.W.2d 304, (1994); *Bell Helicopter Textron, Inc. v. Walker,* 787 S.W.2d 954, 955 (Tex.1990); *Pope v. Ferguson,* 445 S.W.2d 950, 954 (Tex.1969), *cert. denied,* 397 U.S. 997, 90 S.Ct. 1138, 25 L.Ed.2d 405 (1970). Such a limitation is necessary to preserve orderly trial proceedings and to prevent the constant interruption of the trial process by appellate courts. *Canadian Helicopters,* 876 S.W.2d at 305; *Pope,* 445 S.W.2d at 954.

However, the Texas Supreme Court has acknowledged that extraordinary circumstances may exist allowing mandamus relief where the trial court's incidental rulings may involve burdens so great as to render the complaining party unable to present a defense. *Canadian Helicopters,* 876 S.W.2d at 308. Other compelling circumstances aside from the ordinary concerns of cost and delay may also justify mandamus relief in special cases. *See United Mexican States v. Ashley,* 556 S.W.2d 784 (Tex.1977) (implicating comity and foreign affairs concerns in a lawsuit against a foreign sovereign).

In the present case, we can appreciate Sharm's fears of having to litigate an endless succession of groundless lawsuits brought against it for the sole purpose of frustrating its right to appeal the primary lawsuit. We do not abandon the possibility that the trial court's failure to rule on erroneous denial of a plea to the jurisdiction, or some other proper motion for pre-trial disposition [2], under these circumstances may constitute an extraordinary circumstance justifying mandamus relief.[3] However, until the trial court rules on that plea to the jurisdiction, we would be premature in addressing this issue by mandamus.

We trust that the trial court will promptly rule on its plea to the jurisdiction before allowing further discovery of the type that relator has here complained of.

Accordingly, we OVERRULE leave to file the petition for writ of mandamus as having been improvidently granted. We vacate our prior temporary order and lift the stay of further proceedings in the underlying case.

---

2. *See Soto v. Phillips,* 836 S.W.2d 266, 271 (Tex. App.—San Antonio 1992, writ denied) (motion for summary judgment to raise long-settled rule that testimony in a judicial proceeding, even if perjured or procured through bribery, is not actionable in a later civil case).

3. We also note that Texas Rule of Civil Procedure 13 provides an additional means to discourage and sanction the bringing of groundless lawsuits which have no arguable basis in law. *See Home Owners Funding Corp. v. Scheppler,* 815 S.W.2d 884, 889 (Tex.App.—Corpus Christi 1991, no writ).