Appeal Dismissed; Petition for a Writ of Mandamus Conditionally Granted
and Opinion filed November 21, 2002









Appeal Dismissed; Petition for a Writ
of Mandamus Conditionally Granted
and Opinion filed November 21, 2002.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NOS. 14-02-00844-CV and 14-02-00903-CV

 



 

CITY OF GALVESTON and COUNTY OF
GALVESTON, TEXAS, Appellants

 

V.

 

LAVONDA GRAY, and LAVONDA GRAY AS SURVIVING

PARENT OF LABRODERICK GRAY, Appellee

 

____________

 

On Appeal from the 56th District Court

Galveston County, Texas

Trial Court Cause No. 01-CV-1031

 



 

IN RE CITY OF GALVESTON and COUNTY OF GALVESTON,
Relators

____________

 

Original Proceeding

Writ of Mandamus

 



 

O P I N I O N








In this wrongful death suit, the City of Galveston and County
of Galveston bring an interlocutory appeal complaining of the trial court=s Aimplicit@ denial of their respective pleas to
the jurisdiction.  In the event we
determine the trial court did not deny the pleas to the jurisdiction and thus,
we do not have jurisdiction over the appeal, the city and county bring an
original proceeding requesting this court direct the trial court to rule on the
pleas to the jurisdiction.  We dismiss
the interlocutory appeal and conditionally grant the petition for a writ of
mandamus.

                                                             I. 
Background

LaVonda Gray sued the city and the county for the July 9,
2000 drowning death of her nine-year-old son, Labroderick Gray, in the Gulf of
Mexico at the east end of the Galveston seawall.  Labroderick was playing in the water with two
other boys, ages eleven and twelve.  The
three boys began to drown.  Labroderick=s uncle was able to save the other
two boys, but was unable to save Labroderick. 


Gray alleges the city and the county, as owners of the
property located at the east end of the seawall, were negligent in the
following ways:  (1) allowing access to
the premises; (2) failing to provide signs warning of dangerous water or
current conditions; (3) failing to provide trained life guards; (4) failing to
correct problems associated with prior incidents involving other children and
adults; and (5) failing to post signs prohibiting swimming in the area.  

In March 2002, the city and the county each filed a plea to
the jurisdiction based on sovereign immunity from suit and special
exceptions.  A hearing on the pleas to
the jurisdiction was set for April 15, 2002; however, the city and the county
agreed to pass on that hearing to allow Gray to amend her original
petition.  On July 3, 2002, the trial
court signed a scheduling order setting deadlines for the parties to:  (1) designate experts by January 5
(plaintiff), and February 4, 2003 (defendants); (2) complete mediation by
February 5, 2003; (3) attend disposition conference on March 7, 2003; and
(4) complete discovery by April 15, 2003. 









On June 14, 2002, Gray filed a first amended petition and the
city and the county reset the hearing on the pleas to the jurisdiction to July
30, 2002.  On July 18, 2002, Gray filed a
motion for continuance of the pleas to the jurisdiction, claiming she had not
had sufficient time for discovery on issues related to the special exceptions
and the pleas to the jurisdiction.  At a
hearing on July 30, 2002, the trial court granted Gray=s motion for continuance of the
hearing on the pleas to the jurisdiction until April 15, 2003, refused to rule
on the pleas to the jurisdiction, and allowed Gray to conduct discovery on
liability.  

                                                II. 
Interlocutory Appeal








Appellate courts have jurisdiction over immediate appeals
from interlocutory orders only if expressly provided by statute.  Stary v. DeBord, 967 S.W.2d 352, 352B53 (Tex. 1998).  Section 51.014(a)(8) of the Texas Civil
Practice and Remedies Code provides for an interlocutory appeal from an order
granting or denying a plea to the jurisdiction by a governmental unit.  Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8) (Vernon Supp.
2002).  The city and the county argue the
trial court Aimplicitly@ denied their pleas to the
jurisdiction and, therefore, are entitled to bring this interlocutory appeal
under section 51.014(a)(8).  To the
contrary, a review of the record does not show the trial court Aimplicitly@ denied the pleas to the
jurisdiction; instead, the trial court specifically stated it was not ruling on
the pleas to the jurisdiction, but was granting Gray=s motion for continuance and allowing
discovery.[1]  Because there is no order denying the pleas
to the jurisdiction from which to appeal, we do not have jurisdiction over this
interlocutory appeal.  Therefore, the
city and the county=s appeal is dismissed for want of jurisdiction.

                                                              III. 
Mandamus

The city and the county also bring a petition for a writ of
mandamus asking this court to direct the trial court to rule on their
respective pleas to the jurisdiction.  

                                                         A.  Standard of Review

Mandamus is an extraordinary remedy available in very limited
circumstances.  In re FirstMerit Bank, N.A., 52 S.W.3d 749, 753 (Tex. 2001)
(orig. proceeding).  Mandamus relief is
available when the record shows (1) the trial court clearly abused its
discretion or violated a duty imposed by law, and (2) the absence of an adequate
remedy by appeal.  In re Daisy Mfg.
Co., 17 S.W.3d 654, 658 (Tex. 2000) (orig. proceeding).  The party seeking relief must establish the
facts and law that permit the trial court to reach but one decision.  In re University Interscholastic League,
20 S.W.3d 690, 692 (Tex. 2000) (orig. proceeding).  Appeal is not an adequate remedy when parties
stand to lose their substantial rights.  Perry
v. Del Rio, 66 S.W.3d 239, 257 (Tex. 2001); Walker v. Packer, 827
S.W.2d 833, 842 (Tex. 1992) (orig. proceeding). 


                                                       B.  Texas Tort Claims Act








Subject matter jurisdiction is essential to the court=s power to decide a case.  Texas Ass=n of Bus. v. Texas Air Control Bd., 852 S.W.2d 440, 443 (Tex.
1993).  A plea to the jurisdiction
challenges the court=s subject matter jurisdiction.  Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex.
2000).  The plaintiff has the burden to
allege facts that affirmatively demonstrate the trial court has subject matter
jurisdiction over the suit.  Texas Ass=n of Bus., 852 S.W.2d at 446.  When deciding a plea to the jurisdiction, the
trial court considers the allegations in the petition, accepting those
allegations as true, without considering the merits of the case.  Harris County v. Proler,
29 S.W.3d 646, 647 (Tex. App.CHouston [14th Dist.] 2000, no pet.).  The trial court may also consider evidence
relevant to jurisdictional issues raised. 
Bland Indep. Sch.
Dist., 34 S.W.3d at 555.  

Sovereign immunity from suit defeats a trial court=s subject matter jurisdiction.  State Dep=t of Highways & Pub. Transp. v. Gonzalez, 82 S.W.3d 322, 327 (Tex. 2002).  Thus, sovereign immunity is properly asserted
in a plea to the jurisdiction.  Texas Dep=t of Transp. v. Jones, 8 S.W.3d 636, 637 (Tex. 1999) (per
curiam).  In general, cities and counties
enjoy sovereign immunity from suit unless such immunity has been waived.  County of Cameron v. Brown, 80 S.W.3d
549, 554 (Tex. 2002); Reyes v. City of Houston, 4 S.W.3d 459, 461 (Tex.
App.CHouston [1st Dist.] 1999, pet.
denied).  The party suing the
governmental entity must establish the state=s consent, which may be alleged
either by reference to a statute or to express legislative permission.  General Servs. Comm=n v. Little-Tex Insulation Co., 39 S.W.3d 591, 594 (Tex. 2001); Jones,
8 S.W.3d at 638.  

The Texas Tort Claims Act (ATTCA@) provides a limited waiver of
sovereign immunity.  Tex. Civ. Prac. & Rem. Code Ann. ' 101.021 (Vernon 1997); Texas Dep=t of Transp. v. Able, 35 S.W.3d 608, 611 (Tex.
2000).  Section 101.021 of the TTCA
waives sovereign immunity in three areas: 
(1) use of a publicly owned automobile, (2) premise defects, and (3) injuries
arising out of conditions or use of property. 
Able, 35 S.W.3d at 611; Lowe v. Texas Tech Univ., 540
S.W.2d 297, 298 (Tex. 1976).  








The city and the county argue a governmental unit=s entitlement to be free from suit is
effectively lost if the trial court erroneously assumes jurisdiction and
subjects the governmental unit to pre-trial discovery and the costs incident to
litigation; therefore the trial court abuses its discretion and there is no
adequate remedy at law.  We agree.  

A writ of mandamus is not appropriate ordinarily to correct
the trial court=s granting or denying a plea to the jurisdiction because an
adequate remedy by appeal exists.  Canadian
Helicopters Ltd. v. Wittig, 876 S.W.2d 304, 306
(Tex. 1994) (orig. proceeding); Bell Helicopter Textron, Inc. v. Walker,
787 S.W.2d 954, 955 (Tex. 1990) (orig. proceeding); Pope v. Ferguson,
445 S.W.2d 950, 954 (Tex. 1969) (orig. proceeding).  In this case, however, the city and the
county are not seeking relief from an order denying their respective pleas to
the jurisdiction.  Instead, they seek
relief from the trial court’s refusal to rule on their pleas and further
ordering the parties to go forward with discovery.  

Gray argues this court=s decision in Diocese of
Galveston-Houston v. Stone, which denied mandamus relief that sought to
compel a ruling by the trial court on a plea to the jurisdiction, is
controlling.  892 S.W.2d 169 (Tex. App.CHouston [14th Dist.] 1994, orig.
proceeding).  In Stone, the
relator sought mandamus relief from an order allowing limited discovery against
the relator on the jurisdictional issue and expressly withholding a ruling on
the relator’s plea to the jurisdiction, and providing
for the post-discovery presentation of the jurisdictional issue in a motion for
summary judgment, if appropriate.  Id.
at 171.  The underlying dispute involved
whether an employee of a Catholic secondary school was terminated for religious
reasons.  Id. at 175.  The relator argued the trial court lacked
subject matter jurisdiction on the ground of excessive government entanglement
in church affairs.  Id.172.  Denying leave to file the petition, the Stone
court explained the existence of a factual dispute as to reasons for the
employee=s termination rendered mandamus
improper.  Id. at 175.  The trial court could not have made a
jurisdictional determination without resolving the underlying facts.  Id. 









Stone is distinguishable for two reasons.  First, assuming everything in Gray=s petition is true, as we must, there
are no factual disputes in need of a resolution before the trial court rules on
the pleas to the jurisdiction.  Indeed,
the trial court did not identify any fact issues concerning jurisdiction for
which discovery was necessary, but merely allowed Gray to proceed with
discovery on liability issues.  

Second, the defendant in Stone was not a governmental
unit entitled to an interlocutory appeal from an order granting or denying a
plea to the jurisdiction as expressly provided for by the Legislature.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 51.014(a)(8).  The policy reasons for providing an
interlocutory appeal from an order granting or denying a plea to the
jurisdiction is the State should not have to expend resources in trying a case
on the merits if it is immune from suit. 
Harris County Flood Control Dist. v. PG & E Tex. Pipeline, L.P.,
35 S.W.3d 772, 773B74 (Tex. App.CHouston [1st Dist.] 2000, pet. dism=d w.o.j.); see also City of Austin
v. L.S. Ranch, Ltd., 970 S.W.2d 750, 753 (Tex. App.CAustin 1998, no pet.) (noting high
cost of defending suit against governmental entity is ultimately borne by
public, providing motivation for allowing any jurisdictional issue to be
resolved before merits of suit are litigated). 
The city and the county stand to lose their substantial rights to an interlocutory
appeal specifically provided by the Legislature with the purpose of avoiding
the expense of pretrial discovery and attending mediation.  See Perry, 66 S.W.3d at 257.  

Gray also relies on Sharm,
Inc. v. Euresti, in which Martinez, the real party
in interest, received a default judgment in a slip-and-fall suit filed against Sharm.  883 S.W.2d
701, 702 (Tex. App.CCorpus Christi 1994, orig. proceeding).  While Sharm=s appeal in the slip-and-fall suit
was pending in the court of appeals, Martinez filed a second lawsuit against Sharm for various claims based on allegations of false
statements in Sharm’s motion for new trial in the
slip-and-fall case.  Id.  In connection with the second lawsuit,
Martinez noticed oral depositions; Sharm moved to
quash the depositions and filed a plea to the jurisdiction arguing the second
lawsuit should be dismissed for lack of jurisdiction or abated until the
conclusion of the appeal in the slip and fall case.  Id. 
The trial court denied Sharm=s motion to quash, but did not rule
on Sharm’s plea to the jurisdiction.  Id. 









Sharm brought an original proceeding
arguing the requested discovery in the second lawsuit invaded the evidentiary
record of the pending appeal.  Id.  The court of appeals held because the trial
court had not ruled on the plea to the jurisdiction, it did not believe
concerns of conflicting jurisdiction were ripe for determination by way of
mandamus.  Id. at 702B03. 
Like Stone, Sharm is
inapplicable because it did not involve a governmental entity entitled to an
interlocutory appeal on the granting or denial of a plea to the jurisdiction
and, therefore, does not implicate policy concerns regarding the State’s
expenditure in defending a lawsuit.  See
PG & E Tex. Pipeline, L.P., 35 S.W.3d at 773B74; L.S. Ranch, Ltd., 970
S.W.2d at 753.

The trial court abused its discretion in refusing to rule on
the city’s and the county’s respective pleas to the jurisdiction and in
granting Gray’s continuance.  Moreover,
there is no adequate remedy at law because the city and the county will not be
able to avail themselves of their statutory right to an interlocutory
appeal.  

Accordingly, we conditionally grant the petition for a writ
of mandamus and direct the trial court to (1) vacate its July 30, 2002 order
granting Gray=s motion for continuance, and (2)
rule on the pleas to the jurisdiction. 
We are confident the trial judge will comply with this order.  Therefore, we need not issue the writ at this
time.

 

 

 

/s/        J. Harvey Hudson

Justice

 

 

 

 

Judgment rendered
and Opinion filed November 21, 2002.

Panel consists of
Chief Justice Brister and Justices Hudson and Fowler.

Do Not Publish C Tex.
R. App. P. 47.3(b).











[1]  At the
hearing, the following exchange took place between the trial court and counsel
for the city and the county:  

 

MR. GLYWASKY [Counsel for the county]:  Is our plea to jurisdiction denied?

 

THE COURT: 
No.  It hasn=t been heard . . .

 

MR. VIADA [Counsel for the city]:  So the record is clear, it=s the Court=s
positionC

 

THE COURT:  Her
continuance is granted.  I have not ruled
on your plea to jurisdiction.

 

MR. VIADA:  The
Court refuses to rule on [the] plea to jurisdiction?

 

THE COURT:  That=s right.  I
think it=s premature.

 

MR.
VIADA:  For the record, so we have a
record, the City objects to that.