**CITY OF GALVESTON and County of Galveston, Texas, Appellants,**

**v.**

**Lavonda GRAY, and Lavonda Gray as Surviving Parent of Labroderick Gray, Appellee.**

**In re City of Galveston and County of Galveston, Relators.**

**Nos. 14–02–00844–CV, 14–02–00903–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 21, 2002.

Rehearing Overruled Dec. 12, 2002.

Ramon G. Viada, III, J. Preston Wrotenbery, Stefanie Orr, Houston, for appellants.

Pamela B. Williams, Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices HUDSON and FOWLER.

## OPINION

J. HARVEY HUDSON, Justice.

In this wrongful death suit, the City of Galveston and County of Galveston bring an interlocutory appeal complaining of the trial court's "implicit" denial of their respective pleas to the jurisdiction. In the event we determine the trial court did not deny the pleas to the jurisdiction and thus, we do not have jurisdiction over the appeal, the city and county bring an original proceeding requesting this court direct the trial court to rule on the pleas to the jurisdiction. We dismiss the interlocutory appeal and conditionally grant the petition for a writ of mandamus.

### I. BACKGROUND

LaVonda Gray sued the city and the county for the July 9, 2000 drowning death of her nine-year-old son, Labroderick Gray, in the Gulf of Mexico at the east end of the Galveston seawall. Labroderick was playing in the water with two other boys, ages eleven and twelve. The three boys began to drown. Labroderick's uncle was able to save the other two boys, but was unable to save Labroderick.

Gray alleges the city and the county, as owners of the property located at the east end of the seawall, were negligent in the following ways: (1) allowing access to the premises; (2) failing to provide signs warning of dangerous water or current conditions; (3) failing to provide trained life guards; (4) failing to correct problems associated with prior incidents involving other children and adults; and (5) failing to post signs prohibiting swimming in the area.

In March 2002, the city and the county each filed a plea to the jurisdiction based on sovereign immunity from suit and special exceptions. A hearing on the pleas to the jurisdiction was set for April 15, 2002; however, the city and the county agreed to pass on that hearing to allow Gray to amend her original petition. On July 3, 2002, the trial court signed a scheduling order setting deadlines for the parties to: (1) designate experts by January 5 (plaintiff), and February 4, 2003 (defendants); (2) complete mediation by February 5, 2003; (3) attend disposition conference on March 7, 2003; and (4) complete discovery by April 15, 2003.

On June 14, 2002, Gray filed a first amended petition and the city and the county reset the hearing on the pleas to the jurisdiction to July 30, 2002. On July 18, 2002, Gray filed a motion for continuance of the pleas to the jurisdiction, claiming she had not had sufficient time for discovery on issues related to the special exceptions and the pleas to the jurisdiction. At a hearing on July 30, 2002, the trial court granted Gray's motion for continuance of the hearing on the pleas to the jurisdiction until April 15, 2003, refused to rule on the pleas to the jurisdiction, and allowed Gray to conduct discovery on liability.

## II. INTERLOCUTORY APPEAL

Appellate courts have jurisdiction over immediate appeals from interlocutory orders only if expressly provided by statute. *Stary v. DeBord*, 967 S.W.2d 352, 352–53 (Tex.1998). Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code provides for an interlocutory appeal from an order granting or denying a plea to the jurisdiction by a governmental unit. TEX. CIV. PRAC. & REM.CODE ANN. § 51.014(a)(8) (Vernon Supp.2002). The city and the county argue the trial court "implicitly" denied their pleas to the jurisdiction and, therefore, are entitled to bring this interlocutory appeal under section 51.014(a)(8). To the contrary, a review of the record does not show the trial court "implicitly" denied the pleas to the jurisdiction; instead, the trial court specifically stated it was not ruling on the pleas to the jurisdiction, but was granting Gray's motion for continuance and allowing discovery.[1] Because there is no order denying the pleas to the jurisdiction from which to appeal, we do not have jurisdiction over this interlocutory appeal. Therefore, the city and the county's appeal is dismissed for want of jurisdiction.

## III. MANDAMUS

The city and the county also bring a petition for a writ of mandamus asking this court to direct the trial court to rule on their respective pleas to the jurisdiction.

### A. Standard of Review

Mandamus is an extraordinary remedy available in very limited circumstances. *In re FirstMerit Bank, N.A.*, 52 S.W.3d 749, 753 (Tex.2001) (orig. proceeding). Mandamus relief is available when the record shows (1) the trial court clearly abused its discretion or violated a duty imposed by law, and (2) the absence of an adequate remedy by appeal. *In re Daisy Mfg. Co.*, 17 S.W.3d 654, 658 (Tex.2000) (orig. proceeding). The party seeking relief must establish the facts and law that permit the trial court to reach but one decision. *In re University Interscholastic League*, 20 S.W.3d 690, 692 (Tex.2000) (orig. proceeding). Appeal is not an adequate remedy when parties stand to lose their substantial rights. *Perry v. Del Rio*, 66 S.W.3d 239, 257 (Tex.2001); *Walker v. Packer*, 827 S.W.2d 833, 842 (Tex.1992) (orig. proceeding).

### B. Texas Tort Claims Act

Subject matter jurisdiction is essential to the court's power to decide a case. *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). A plea to the jurisdiction challenges the court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). The plaintiff has the burden to allege facts that affirmatively demonstrate the trial court has subject matter jurisdiction over the suit. *Texas Ass'n of Bus.*, 852 S.W.2d at 446. When deciding a plea to the jurisdiction, the trial court considers the allegations in the petition, accepting those allegations as true, without considering the merits of the

---

1. At the hearing, the following exchange took place between the trial court and counsel for the city and the county:

 MR. GLYWASKY [Counsel for the county]: Is our plea to jurisdiction denied?
 THE COURT: No. It hasn't been heard ...
 MR. VIADA [Counsel for the city]: So the record is clear, it's the Court's position—

 THE COURT: Her continuance is granted. I have not ruled on your plea to jurisdiction.
 MR. VIADA: The Court refuses to rule on [the] plea to jurisdiction?
 THE COURT: That's right. I think it's premature.
 MR. VIADA: For the record, so we have a record, the City objects to that.

case. *Harris County v. Proler*, 29 S.W.3d 646, 647 (Tex.App.-Houston [14th Dist.] 2000, no pet.). The trial court may also consider evidence relevant to jurisdictional issues raised. *Bland Indep. Sch. Dist.*, 34 S.W.3d at 555.

 Sovereign immunity from suit defeats a trial court's subject matter jurisdiction. *State Dep't of Highways & Pub. Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex.2002). Thus, sovereign immunity is properly asserted in a plea to the jurisdiction. *Texas Dep't of Transp. v. Jones*, 8 S.W.3d 636, 637 (Tex.1999) (per curiam). In general, cities and counties enjoy sovereign immunity from suit unless such immunity has been waived. *County of Cameron v. Brown*, 80 S.W.3d 549, 554 (Tex. 2002); *Reyes v. City of Houston*, 4 S.W.3d 459, 461 (Tex.App.-Houston [1st Dist.] 1999, pet. denied). The party suing the governmental entity must establish the state's consent, which may be alleged either by reference to a statute or to express legislative permission. *General Servs. Comm'n v. Little–Tex Insulation Co.*, 39 S.W.3d 591, 594 (Tex.2001); *Jones*, 8 S.W.3d at 638.

The Texas Tort Claims Act ("TTCA") provides a limited waiver of sovereign immunity. TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997); *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 611 (Tex. 2000). Section 101.021 of the TTCA waives sovereign immunity in three areas: (1) use of a publicly owned automobile, (2) premise defects, and (3) injuries arising out of conditions or use of property. *Able*, 35 S.W.3d at 611; *Lowe v. Texas Tech Univ.*, 540 S.W.2d 297, 298 (Tex.1976).

The city and the county argue a governmental unit's entitlement to be free from suit is effectively lost if the trial court erroneously assumes jurisdiction and subjects the governmental unit to pre-trial discovery and the costs incident to litigation; therefore the trial court abuses its discretion and there is no adequate remedy at law. We agree.

 A writ of mandamus is not appropriate ordinarily to correct the trial court's granting or denying a plea to the jurisdiction because an adequate remedy by appeal exists. *Canadian Helicopters Ltd. v. Wittig*, 876 S.W.2d 304, 306 (Tex.1994) (orig. proceeding); *Bell Helicopter Textron, Inc. v. Walker*, 787 S.W.2d 954, 955 (Tex.1990) (orig. proceeding); *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969) (orig. proceeding). In this case, however, the city and the county are not seeking relief from an order denying their respective pleas to the jurisdiction. Instead, they seek relief from the trial court's refusal to rule on their pleas and further ordering the parties to go forward with discovery.

Gray argues this court's decision in *Diocese of Galveston–Houston v. Stone*, which denied mandamus relief that sought to compel a ruling by the trial court on a plea to the jurisdiction, is controlling. 892 S.W.2d 169 (Tex.App.-Houston [14th Dist.] 1994, orig. proceeding). In *Stone*, the relator sought mandamus relief from an order allowing limited discovery against the relator on the jurisdictional issue and expressly withholding a ruling on the relator's plea to the jurisdiction, and providing for the post-discovery presentation of the jurisdictional issue in a motion for summary judgment, if appropriate. *Id.* at 171. The underlying dispute involved whether an employee of a Catholic secondary school was terminated for religious reasons. *Id.* at 175. The relator argued the trial court lacked subject matter jurisdiction on the ground of excessive government entanglement in church affairs. *Id.* at 172. Denying leave to file the petition, the *Stone* court explained the existence of a factual dispute as to reasons for the

employee's termination rendered mandamus improper. *Id.* at 175. The trial court could not have made a jurisdictional determination without resolving the underlying facts. *Id.*

*Stone* is distinguishable for two reasons. First, assuming everything in Gray's petition is true, as we must, there are no factual disputes in need of a resolution before the trial court rules on the pleas to the jurisdiction. Indeed, the trial court did not identify any fact issues concerning jurisdiction for which discovery was necessary, but merely allowed Gray to proceed with discovery on liability issues.

■■■ Second, the defendant in *Stone* was not a governmental unit entitled to an interlocutory appeal from an order granting or denying a plea to the jurisdiction as expressly provided for by the Legislature. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8). The policy reasons for providing an interlocutory appeal from an order granting or denying a plea to the jurisdiction is the State should not have to expend resources in trying a case on the merits if it is immune from suit. *Harris County Flood Control Dist. v. PG & E Tex. Pipeline, L.P.*, 35 S.W.3d 772, 773–74 (Tex.App.-Houston [1st Dist.] 2000, pet. dism'd w.o.j.); *see also City of Austin v. L.S. Ranch, Ltd.*, 970 S.W.2d 750, 753 (Tex.App.-Austin 1998, no pet.) (noting high cost of defending suit against governmental entity is ultimately borne by public, providing motivation for allowing any jurisdictional issue to be resolved before merits of suit are litigated). The city and the county stand to lose their substantial rights to an interlocutory appeal specifically provided by the Legislature with the purpose of avoiding the expense of pretrial discovery and attending mediation. *See Perry*, 66 S.W.3d at 257.

Gray also relies on *Sharm, Inc. v. Euresti*, in which Martinez, the real party in interest, received a default judgment in a slip-and-fall suit filed against Sharm. 883 S.W.2d 701, 702 (Tex.App.-Corpus Christi 1994, orig. proceeding). While Sharm's appeal in the slip-and-fall suit was pending in the court of appeals, Martinez filed a second lawsuit against Sharm for various claims based on allegations of false statements in Sharm's motion for new trial in the slip-and-fall case. *Id.* In connection with the second lawsuit, Martinez noticed oral depositions; Sharm moved to quash the depositions and filed a plea to the jurisdiction arguing the second lawsuit should be dismissed for lack of jurisdiction or abated until the conclusion of the appeal in the slip-and-fall case. *Id.* The trial court denied Sharm's motion to quash, but did not rule on Sharm's plea to the jurisdiction. *Id.*

Sharm brought an original proceeding arguing the requested discovery in the second lawsuit invaded the evidentiary record of the pending appeal. *Id.* The court of appeals held because the trial court had not ruled on the plea to the jurisdiction, it did not believe concerns of conflicting jurisdiction were ripe for determination by way of mandamus. *Id.* at 702–03. Like *Stone*, *Sharm* is inapplicable because it did not involve a governmental entity entitled to an interlocutory appeal on the granting or denial of a plea to the jurisdiction and, therefore, does not implicate policy concerns regarding the State's expenditure in defending a lawsuit. *See PG & E Tex. Pipeline, L.P.*, 35 S.W.3d at 773–74; *L.S. Ranch, Ltd.*, 970 S.W.2d at 753.

The trial court abused its discretion in refusing to rule on the city's and the county's respective pleas to the jurisdiction and in granting Gray's continuance. Moreover, there is no adequate remedy at law because the city and the county will not be able to avail themselves of their statutory right to an interlocutory appeal.

Accordingly, we conditionally grant the petition for a writ of mandamus and direct the trial court to (1) vacate its July 30, 2002 order granting Gray's motion for continuance, and (2) rule on the pleas to the jurisdiction. We are confident the trial judge will comply with this order. Therefore, we need not issue the writ at this time.