NO. 12-04-00382-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS


§
IN RE: MABANK 
INDEPENDENT SCHOOL DISTRICT,          §     ORIGINAL PROCEEDING
RELATOR
§





OPINION
            In this original proceeding, relator Mabank Independent School District (“MISD”) challenges
an abatement order signed by the respondent, the Honorable Howard Tygrett, Judge of the 86th
Judicial District Court, Kaufman County, Texas, after MISD filed a plea to the jurisdiction. MISD
requests that we (1) grant its plea to the jurisdiction and dismiss the case, (2) remand with directions
for the respondent to grant the plea to the jurisdiction and dismiss the case, or (3) issue a writ of
mandamus directing the respondent to rule immediately on MISD’s plea to the jurisdiction. We deny
the petition.
Background
            On October 23, 2003, Allen and Stacy Allen, as parents and next friends of Dillon Allen,
entered into a mediated settlement agreement (“MSA”) with MISD to resolve their claims against
MISD arising under the Individuals with Disabilities Education Act (“IDEA”), 20 U.S.C. §§ 1400-1487. Paragraph A.6. of the MSA provided that MISD would allow the Allens’ children, Dillon,
Dakota, and Destiny, to transfer to Central Elementary School and would not “unreasonably deny
requests for transfer in future school years.” 
            After the end of the 2003-2004 school year, Mrs. Allen submitted a formal transfer request
for Dakota and Destiny to attend Central Elementary School during the 2004-2005 school year.


 By
letter dated July 20, 2004, the MISD superintendent notified Mrs. Allen that her transfer request had
been denied. Mrs. Allen then requested a written reason for the denial. In response, she received
a letter from MISD’s counsel informing her that MISD could not accommodate her transfer request
because the applicable programs at Central Elementary School were at capacity. Because the MSA
had been mediated pursuant to the IDEA, Mrs. Allen filed a request for a due process hearing with
the Texas Education Agency. On August 30, 2004, the request was dismissed because Dakota and
Destiny were not special education students.


 
            In September 2004, the Allens filed suit alleging that MISD had breached the MSA by
unreasonably denying the transfer request. MISD filed a plea to the jurisdiction alleging that the
Allens (1) failed to make a written objection to the denial of the transfer request, (2) failed to timely
seek a transfer, and (3) failed to appeal the denial of the transfer request to the superintendent and
the board of trustees. In their response, the Allens averred that they had objected, in writing, to
denial of the transfer request and that the next step was for the superintendent to place the matter on
the agenda for the next regularly scheduled meeting of MISD’s Board of Trustees (the “Board”).


 
The respondent conducted a hearing on MISD’s plea, at which time the respondent was informed
that the Board had received the Allens’ appeal. After the hearing, the respondent abated the plea to
the jurisdiction pending the Allens’ exhaustion of their administrative remedies. MISD subsequently
filed a motion requesting the respondent to reconsider its action and rule on the plea to the
jurisdiction. After considering MISD’s motion, the respondent signed a written order abating the
underlying proceeding until the Board ruled on the Allens’ transfer request. The order included a
recitation that “[t]he Court, having considered [MISD’s plea to the jurisdiction], has neither granted
nor denied the plea to the jurisdiction.” This original proceeding followed.

Discussion
Availability of Mandamus
            Mandamus is an extraordinary remedy available only to correct a clear abuse of discretion
or the violation of a duty imposed by law and only in situations where there is no adequate remedy
at law. Walker v. Packer, 827 S.W.2d 833, 839-40 (Tex. 1992). Erroneously analyzing and
applying the law constitutes an abuse of discretion. Id. at 840.
The Parties’ Contentions
            MISD asserts that the legislature has granted the trustees of an independent school district
exclusive jurisdiction to resolve transfer issues, and a court may not consider a transfer appeal until
after the Board has considered the appeal and any exceptions to its ruling. MISD further contends
that student transfer requests arise under the school laws of Texas. Therefore, its argument
continues, the parties must exhaust all administrative remedies before resorting to the courts for
relief. Relying on City of Galveston v. Gray, 93 S.W.3d 587 (Tex. App.–Houston [14th Dist.] 2002,
pet. denied), MISD urges that the respondent had a duty imposed by law to rule on MISD’s plea to
the jurisdiction. Finally, MISD argues that the respondent also had a duty imposed by law to grant
the plea to the jurisdiction and dismiss the underlying proceeding with prejudice.
            The Allens argue that because their lawsuit involves the breach of an MSA, the district court
has jurisdiction over this matter just as it would over any other contract dispute. See Tex. Civ. Prac.
& Rem. Code Ann. § 154.071(a) (Vernon 1997) (written settlement agreement enforceable in same
manner as any other written contract). Thus, the Allens urge that the Board has primary, but not
exclusive, jurisdiction and maintain that the respondent’s ruling and corresponding order were
proper.
 
Exclusive versus Primary Jurisdiction
            Under the exclusive jurisdiction doctrine, the legislature grants an administrative agency the
sole authority to make an initial determination in a dispute. See Cash Am. Int’l, Inc. v. Bennett, 35
S.W.3d 12, 15 (Tex. 2000). An agency has exclusive jurisdiction when a pervasive regulatory
scheme indicates that the legislature intended for the regulatory process to be the exclusive means
of remedying the problem to which the regulation is addressed. See Subaru of America, Inc. v.
David McDavid Nissan, Inc., 84 S.W.3d 212, 221 (Tex. 2002).
            Whether an agency has exclusive jurisdiction depends on statutory interpretation. Id. 
Typically, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies
before seeking judicial review of the agency’s action. See Bennett, 35 S.W.3d at 15. Until then, the
trial court lacks subject matter jurisdiction and must dismiss without prejudice the claims within the
agency’s exclusive jurisdiction. Subaru, 84 S.W.3d at 221. In other words, exclusive jurisdiction
is jurisdictional. Id. at 220. 
            “Primary jurisdiction” is an administrative law doctrine that arises when a court and an
agency have concurrent original jurisdiction over a dispute. Bennett, 35 S.W.3d at 13. The doctrine
operates to allocate power between courts and agencies when both have authority to make initial
determinations in a dispute. Subaru, 84 S.W.3d at 221. Where concurrent jurisdiction exists, courts
must ask whether the policies underlying the primary jurisdiction doctrine require the court to defer
to the agency’s expertise and responsibility to develop regulatory policy. Bennett, 35 S.W.3d at 13. 
Courts must defer to the administrative agency only when the claim’s enforcement requires the
resolution of issues that are “within the special competence of an administrative agency. . . .” Id.
(citations omitted). The purpose of the doctrine is to assure that the agency will not be bypassed on
what is especially committed to it. Foree v. Crown Cent. Petroleum Co., 431 S.W.2d 312, 315
(Tex. 1968) (citations omitted). 
The Board’s Jurisdiction
            The trustees of an independent school district have the exclusive power and duty to oversee
the management of the public schools of the district. Tex. Educ. Code Ann. § 11.151(b) (Vernon
Supp. 2004-05). In performing this statutory duty, the board of trustees of an independent school
district, or a school employee designated by the board, may assign and transfer any student from one
school facility or classroom to another within its jurisdiction. Id. § 25.031 (Vernon 1996). 
            The board’s decision on a transfer request is final unless the student, or the parent, guardian,
or custodian of the student as next friend, files an exception to the board’s decision, alleging that the
decision denies a right of the student that is guaranteed by the United States Constitution. Id.
§ 25.034(e). If the exception is overruled, the objecting party may then appeal the board’s decision
to the district court of the county in which the board is located. Id. § 25.034(f). The petition must
state facts relevant to the student that relate to the alleged denial of the student’s rights under the
United States Constitution. Id. § 25.034(f)(2). 
            The language of these statutes expresses the legislative intent that the board of trustees of an
independent school district have exclusive jurisdiction over transfers. This interpretation is
consistent with the statement of purpose preceding the original enactment of the provisions relating
to transfers within and outside the district, which states, in part, as follows:
 
An Act to declare the public policy of the State of Texas with respect to public education; . . . and to
prohibit [Boards of School Trustees] from making or administering any order of reallocation of pupils
without a finding by the Board or authority designated by it that such transfer or placement is as to
each individual pupil consistent with the policies prescribed in this Act. . . .
 
Act of May 23, 1957, 55th Leg., R.S., ch. 287, 1957 Gen. Laws 683 (amended 1969, 1995) (current
version at Tex. Educ. Code Ann. § 25.031–.042 (Vernon 1996 & Supp. 2004-2005)). Therefore,
the primary jurisdiction doctrine is inapplicable, and the district court has subject matter jurisdiction
in a transfer dispute only after the exhaustion of the administrative remedies as set out in Section
25.034. See Tex. Educ. Code Ann. § 25.034(f). 
The Trial Court’s Order
            Because the Allens do not contend that the denial resulted in a deprivation of constitutional
rights, see id. § 25.034(e), (f), no challenge to the reasonableness of the Board’s transfer decision
is available under the “school laws of Texas.” See id. § 25.034(e). Moreover, the Allens do not
assert a cause of action pursuant to the Texas Education Code. Instead, they allege that MISD
unreasonably denied Mrs. Allen’s transfer request, thereby breaching the MSA. Thus, the Allens’
claim is one for breach of contract and arises from the MSA. The Board has no authority to resolve
this claim. However, the necessary facts underlying the Allens’ breach of contract claim raise an
issue that falls within the Board’s exclusive jurisdiction, i.e., the disposition of Mrs. Allen’s transfer
request. 
            In Subaru, the Texas Supreme Court addressed a similar situation. In that case, the court
held that the Texas Motor Vehicle Board (the “agency”) had exclusive jurisdiction over matters
governed by the Texas Motor Vehicle Code (the “Code”). However, one of the claims asserted by
the respondent was for breach of an oral contract. Essential to resolution of the breach of contract
claim was an issue governed by the Code and therefore within the exclusive jurisdiction of the
agency. The court noted that the respondent must first exhaust its administrative remedies and
obtain a final board decision on the Code issue. Id. at 223, 225. 
            Later in the opinion, the court explained two possible dispositions where an agency has
exclusive jurisdiction.
 
Typically, when a trial court lacks subject matter jurisdiction because an agency has exclusive
jurisdiction, the trial court must dismiss without prejudice such claims falling within the agency’s
jurisdiction. . . .However, we recently reiterated that, “if a claim is not within a court’s jurisdiction,
and the impediment to jurisdiction cannot be removed, then it must be dismissed; but if the
impediment to jurisdiction could be removed, then the court may abate proceedings to allow a
reasonable opportunity for the jurisdictional problem to be cured.” (quoting American Motorists [Ins.
Co. v. Fodge], 63 S.W.3d [801], 805 [Tex. 2001] (emphasis added))
 
Id. at 227-28. Because the jurisdictional impediment to the breach of oral contract claim could be
removed by securing the necessary findings from the agency, the court remanded the claim to the
trial court with instructions to abate the proceedings until the respondent exhausted its administrative
remedies. Id. 228.
            Here, as in Subaru, the impediment to the respondent trial court’s jurisdiction can be
removed by allowing the Allens to exhaust their administrative remedies. Therefore, we conclude
that abatement was the proper course. See id. at 228. Although MISD maintains that Gray requires
a contrary result, that case did not involve the exhaustion of administrative remedies and is
inapposite. See Gray, 93 S.W.3d at 589 (respondent trial court refused to rule on plea to jurisdiction
filed in suit brought pursuant to Texas Tort Claims Act). 

Conclusion
            Because abatement was proper under the facts presented here, the respondent’s December 14,
2004 abatement order does not constitute an abuse of discretion. Because MISD has not shown an
abuse of discretion, we need not consider whether MISD has an adequate remedy by appeal. The 
writ of mandamus is denied.
 
 
                                                                                                     SAM GRIFFITH 
                                                                                                               Justice
Opinion delivered March 31, 2005.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.










(PUBLISH)