TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN




NO. 03-06-00008-CV






In re Mark A. Galvan and Mark Galvan, L.L.C.







ORIGINAL PROCEEDING FROM COMAL COUNTY


 
O R D E R

                        Relators Mark A. Galvan and Mark Galvan, L.L.C., filed a motion for rehearing
following the denial of their petition for writ of mandamus. In their motion, they argue that it was
error for this Court to deny their petition for writ of mandamus based simply on the fact that the trial
court had not yet issued a written order granting the partial summary judgment.
                        Relators misconstrue this Court’s order denying the writ of mandamus. Our ruling
does not rest on whether the trial court’s order was written or unwritten. The writ of mandamus was
denied because there was no record that the trial court had entered an order, of any kind, on the
motion for partial summary judgment. The letter cited by the Relators expresses an intention by the
trial court to grant the partial summary judgment but does not grant it or detail exactly what relief
will be granted. The letter does not, itself, constitute or purport to be an order. At this point, there
appears to be an expression of intent by the trial court to grant the motion for partial summary
judgment, but no actual order granting it exists that this Court can test against prevailing law and the
standard of review. See Davenport v. Garcia, 837 S.W.2d 73, 73 (Tex. 1992) (orig. proceeding)
(mandamus relief granted concerning oral “gag order”); In re Bledsoe, 41 S.W.3d 807, 812 (Tex.
App.—Fort Worth 2001, orig. proceeding) (oral order striking pretrial pleadings subject to
mandamus review). It is incumbent on the Relators to obtain a ruling, in some form, before seeking
mandamus relief. See GMC v. Gayle, 940 S.W.2d 598, 599 (Tex. 1997) (mandamus relief premature
when trial court has not ruled on matters for which relief is sought); Diocese of Galveston-Houston
v. Stone, 892 S.W.2d 169, 173 (Tex. App.—Houston [14th Dist.] 1994, no writ) (mandamus relief
for issue premature when trial court has not yet ruled on issue ); Sharm, Inc. v. Euresti, 883 S.W.2d
701, 702-703 (Tex. App.—Corpus Christi 1994, no writ) (mandamus relief premature when trial
court has not ruled on matter for which relief is sought). In this case, there is not yet an order by the
trial court on the motion for partial summary judgment. Accordingly, we overrule the motion for
rehearing.
                        It is ordered February 6, 2006.
 
 
                                                                        _________________________________________
                                                                        Bob Pemberton, Justice
Before Chief Justice Law, Justices Pemberton and Waldrop