TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-11-00206-CV






Texas Department of Public Safety; Steve McGraw, in his Official Capacity as Director of
the Texas Department of Public Safety Commission; and Allan B. Polunsky, in his Official
Capacity as Chairman of the Public Safety Commission, Appellants


v.


Miguel Salazar; Edgar Soria; Francisco Avila Trejo; Green Meadows Landscaping, Inc.;
Merida Flores; Nader Dalo; Godofredo A. Orellana; and Ruwaidha Liwaza, Appellees







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT

NO. D-1-GN-09-000273, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N


 The Texas Department of Public Safety, the Director of the Texas Department of
Public Safety, and the Chairman of the Public Safety Commission (collectively, the "Department"),
have filed a notice of interlocutory appeal, asserting that the trial court has "implicitly" denied their
plea to the jurisdiction. Appellees Miguel Salazar, Edgar Soria, Francisco Avila Trejo, Green
Meadows Landscaping, Inc., Merida Flores, Nader Dalo, Godofredo A. Orellana, and Ruwaidha
Liwaza have filed an emergency motion to dismiss this appeal, contending that this Court lacks
jurisdiction because the trial court has not yet denied the Department's plea to the jurisdiction. The
appellees further assert that the Department is improperly using the automatic stay associated with
this interlocutory appeal to avoid discovery and prevent the filing or hearing of dispositive motions. 

 The civil practice and remedies code expressly provides for an interlocutory appeal
from an order granting or denying a plea to the jurisdiction by a governmental unit. Tex. Civ.
Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008). When a notice of interlocutory appeal under
section 51.014(a)(8) is filed, all proceedings in the trial court are automatically stayed pending
resolution of the appeal. Id. § 51.014(b). While the Department contends that the trial court
"implicitly" denied its plea to the jurisdiction, the order appealed from does not deny the plea to the
jurisdiction, implicitly or otherwise, but grants the appellees' motion for continuance of the
Department's plea to the jurisdiction and allows additional discovery. See City of Galveston v. Gray,
93 S.W.3d 587, 590 (Tex. App.--Houston 2002, pet. denied) (holding that order granting motion
for continuance and allowing discovery did not constitute implicit denial of plea to jurisdiction). 
Because the trial court's order does not deny the Department's plea to the jurisdiction, we lack
jurisdiction over this interlocutory appeal.

 Due to the emergency nature of the appellees' motion and the effect of the automatic
stay, we invoke Texas Rule of Appellate Procedure 2 and suspend the requirement that we give the
parties ten days' notice of the Court's intent to involuntarily dismiss the appeal. See Tex. R. App.
P. 2 and 42.3.

 This appeal is dismissed for want of jurisdiction.


 __________________________________________ Diane M. Henson, Justice Before Chief Justice Jones, Justices Henson and Goodwin

 Dissenting Opinion by Justice Goodwin

Dismissed for Want of Jurisdiction Filed: April 14, 2011