15-25-00101-CV

ACCEPTED
15-25-00101-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/11/2025 10:46 AM
CHRISTOPHER A. PRINE
CLERK

NO. _____

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/11/2025 10:46:06 AM
CHRISTOPHER A. PRINE
Clerk

IN THE FIFTEENTH DISTRICT COURT OF APPEALS
FOR THE STATE OF TEXAS AT AUSTIN, TEXAS

**In re M. Brett Cooper, M.D.,**
*Relator*

On Petition for Writ of Mandamus
From the 493rd District Court at Collin County, Texas
Cause No. 493-08026-2024
The Honorable Judge Christine A. Nowak, Presiding

## DR. COOPER'S EMERGENCY MOTION TO STAY
## PENDING PETITION FOR WRIT OF MANDAMUS

Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
LAWSON & MOSHENBERG PLLC
801 Travis Street, Suite 2101 #838
Houston, TX 77002
Telephone: (832) 280-5670
avi.moshenberg@lmbusinesslaw.com

Simona Agnolucci (*pending pro hac admission*)
Barrington Dyer (*pending pro hac admission*)
Jennifer J. Hardy
Texas Bar No. 24096068
Anika Holland (*pending pro hac admission*)
Emily Abbey (*pending pro hac admission*)
Isabella McKinley Corbo (*pending pro hac admission*)
Zoe Packman (*pending pro hac admission*)
Rodolfo Rivera Aquino (*pending pro hac admission*)
Remy Carreiro (*pending pro hac admission*)
Emma Rodriguez (*pending pro hac admission*)
WILLKIE FARR & GALLAGHER LLP
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7470

ATTORNEYS FOR RELATOR

## INTRODUCTION

Relator, Dr. M. Brett Cooper ("Dr. Cooper"), respectfully requests that this Court issue an emergency stay of all merits-based trial court proceedings, including the non-party patient deposition currently scheduled for June 17, 2025, pending this Court's resolution of the concurrently filed Petition for Writ of Mandamus.

On April 25, 2025, Dr. Cooper filed a Plea to the Jurisdiction, asserting sovereign immunity under Section 101.106(f) of the Texas Tort Claims Act ("TTCA"), and challenging the trial court's subject-matter jurisdiction. Mandamus Record ("M.R.") 252 (Plea to the Jurisdiction). Initially, the trial court refused to set the Plea for hearing, proceeding instead to set two merits-based motions. Declaration of Avi Moshenberg ("Moshenberg Dec.") ¶ 4. Only after Dr. Cooper filed his First Mandamus Petition did the trial court set the Plea for hearing, ultimately taking the matter up on May 29, 2025. Appendix ("App.") 2. At that hearing, however, the trial court declined to hear argument on the merits of the Plea, instead ostensibly ordering the parties to conduct jurisdictional discovery while still allowing merits discovery to go forward. *See* M.R. 907; 955 (May 29 Hr'g Tr.). In particular, the trial court permitted certain depositions to proceed on the merits of State's claims—most notably, the June 17 deposition of non-party Patient 15—and without limiting their scope to jurisdictional topics. M.R. 952. The trial court further

1

denied Dr. Cooper's request to stay all merits discovery pending resolution of his Plea to the Jurisdiction. M.R. 957.

Left uncorrected, this unlawful sequencing (1) forces Dr. Cooper to incur burdensome discovery and litigation costs from which sovereign immunity is designed to shield State employees, (2) strips Dr. Cooper of his statutory right to an interlocutory appeal under Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code, and (3) threatens this Court's ability to grant effective mandamus relief. A stay under Rule 52.10(b) is necessary to halt this improper exercise of judicial power and preserve both Dr. Cooper's rights and this Court's authority to act.

## ARGUMENTS & AUTHORITIES

Texas Rule of Appellate Procedure 52.10(b) authorizes a court to issue "any just relief pending the court's action on the petition." Tex. R. App. P. 52.10(b). Relief under Rule 52.10(b) is designed to preserve "the parties' rights while the appeal proceeds." *In re State*, — S.W.3d —, No. 24-0325, 2024 WL 2983176, at *2 (Tex. June 14, 2024). Because a stay under Rule 52.10(b) is "a kind of injunction," the appellate court must consider: (1) "the likely merits of the parties' respective legal positions," and (2) "the injury that will befall either party depending on the court's decision." *Id.* at *2–3. A stay is warranted here because Dr. Cooper easily satisfies both elements.

***First***, Dr. Cooper is likely to prevail on the merits. The trial court's refusal to limit the upcoming depositions to only jurisdictional topics—allowing merits discovery to progress before ruling on Dr. Cooper's Plea to the Jurisdiction—is a clear abuse of discretion under Texas law. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *see also In re Torres*, No. 13-17- 00172-CV, 2017 WL 2665986, at *5 (Tex. App. June 21, 2017) ("[M]andamus relief is available when a trial court litigates the merits of a case and delays ruling on a plea to the jurisdiction."). A court must determine its jurisdiction at the earliest possible opportunity and cannot proceed to the merits unless and until it confirms jurisdiction exists. *Texas Dep't of Parks & Wildlife*, 133 S.W.3d at 226.

Yet at the May 29 hearing, the trial court expressly acknowledged that the upcoming deposition of Patient 15 would address issues that "go in part to the merits," and ordered it to proceed anyway:

> THE COURT: I believe the State has said that it would go to both jurisdiction and merits. I don't dispute that they have identified that it will go in part to the merits. At present, the Court is ordering the deposition to go forward.

M.R. 955. This violates well-established precedent. *See In re Lamar Univ.*, No. 09-18-00241-CV, 2018 WL 3911062, at *3 (Tex. App.—Beaumont Aug. 16, 2018) (finding abuse of discretion where trial court ordered merits-based discovery while a jurisdictional challenge was pending).

***Second***, Dr. Cooper will be irreparably harmed without a stay. Absent immediate relief, Dr. Cooper will be compelled to participate in a June 17 merits-based deposition and to continue to engage in costly litigation even though the trial court may have no jurisdiction to hear the case at all. That burden alone constitutes irreparable harm. As courts have repeatedly recognized, sovereign immunity is immunity from suit, not just liability. *City of Galveston v. Gray*, 93 S.W.3d 587, 591 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). Subjecting a State employee to litigation while a jurisdictional challenge is pending effectively nullifies the immunity from suit the Legislature intended to preserve. *See id.*

This harm is compounded by the denial of Dr. Cooper's statutory right to an interlocutory appeal under Section 51.014(a)(8) of the Civil Practice and Remedies Code. The trial court's actions have prevented Dr. Cooper from obtaining timely appellate review of his immunity claim, in direct contravention of the Legislature's express policy of avoiding "the expense of pretrial discovery" when immunity is properly invoked. *In re Bexar Medina Atascosa Ctys. Water Control & Improvement Dist. No. One*, 2025 WL 466069, at *5 (Tex. App.—San Antonio Feb. 12, 2025); *City of Galveston*, 93 S.W.3d at 592.

By allowing merits discovery to continue, including the June 17 deposition of a non-party patient, the trial court jeopardizes Dr. Cooper's "substantial rights to an interlocutory appeal specifically provided by the Legislature with the purpose of

avoiding the expense of pretrial discovery." *City of Galveston,* 93 S.W.3d at 591. Such judicial overreach must be halted now—before this Court's ability to grant effective relief is irretrievably lost.

**PRAYER**

Because this deposition is scheduled to take place in less than a week,  on June 17, 2025, and Dr. Cooper will be forced to continue litigating the merits of the case, Dr. Cooper respectfully requests that the Court issue an administrative stay of all merits-based discovery to preserve this Court's jurisdiction and protect his substantial rights until the Court resolves the pending mandamus petition.

June 10, 2025

Respectfully submitted,
*/s/ Avi Moshenberg*
Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
LAWSON & MOSHENBERG PLLC
801 Travis Street, Suite 2101 #838
Houston, TX 77002
(832) 280-5670
Nick.Lawson@lmbusinesslaw.com
Avi.Moshenberg@lmbusinesslaw.com

Simona Agnolucci (*application for pro hac admission pending*)
Barrington Dyer (*application for pro hac admission pending*)
Jennifer J. Hardy
Texas Bar No. 24096068
Anika Holland (*application for pro hac admission pending*)

Emily Abbey (*application for pro hac admission pending*)
Isabella McKinley Corbo (*application for pro hac admission pending*)
Zoe Packman (*application for pro hac admission pending*)
Rodolfo Rivera Aquino (*application for pro hac admission pending*)
Remy Carreiro (*application for pro hac admission pending*)
Emma Rodriguez (*application for pro hac admission pending*)
WILLKIE FARR & GALLAGHER LLP
333 Bush St, 34th Floor
San Francisco, CA 94104
(415) 858-7470
sagnolucci@willkie.com
bdyer@willkie.com
aholland@willkie.com
eabbey@willkie.com
icorbo@willkie.com
zpackman@willkie.com
rriveraaquino@willkie.com
rcarreiro@willkie.com
erodriguez@willkie.com

Attorneys for Defendant
M. Brett Cooper, M.D.

## CERTIFICATE OF SERVICE

I certify that the foregoing was served upon all interested parties pursuant to

TRAP 9.5(b)(2).

*/s/ Avi Moshenberg*
Avi Moshenberg

**CERTIFICATE OF COMPLIANCE FOR EMERGENCY STAY**

Under Texas Rule of Appellate Procedure 52.10(a), I certify that on June 10, 2025, my co-counsel Anika Holland emailed the State informing them that a motion for temporary relief would be filed the same day. I further certify that on June 10, 2025, my co-counsel Anika Holland emailed Respondent and all parties informing them a motion for temporary relief will be filed.

/s/ Avi Moshenberg
Avi Moshenberg

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Avi Moshenberg on behalf of Nicholas Lawson
Bar No. 24083367
avi.moshenberg@lmbusinesslaw.com
Envelope ID: 101881546
Filing Code Description: Motion for Emergency Relief
Filing Description: Emergency Motion to Stay
Status as of 6/11/2025 10:49 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Simona Agnolucci | | sagnolucci@willkie.com | 6/11/2025 10:46:06 AM | SENT |
| Barrington Dyer | | bdyer@willkie.com | 6/11/2025 10:46:06 AM | SENT |
| Anika Holland | | aholland@willkie.com | 6/11/2025 10:46:06 AM | SENT |
| Isabella Corbo | | icorbo@willkie.com | 6/11/2025 10:46:06 AM | SENT |
| Zoe Packman | | zpackman@willkie.com | 6/11/2025 10:46:06 AM | SENT |
| Remy Carreiro | | rcarreiro@willkie.com | 6/11/2025 10:46:06 AM | SENT |
| Emma Rodriguez | | erodriguez@willkie.com | 6/11/2025 10:46:06 AM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 6/11/2025 10:46:06 AM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 6/11/2025 10:46:06 AM | SENT |
| David Shatto | | david.shatto@oag.texas.gov | 6/11/2025 10:46:06 AM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 6/11/2025 10:46:06 AM | SENT |
| Karen Watkins | | karen.watkins@oag.texas.gov | 6/11/2025 10:46:06 AM | SENT |
| Martin Cohick | | martin.cohick@oag.texas.gov | 6/11/2025 10:46:06 AM | SENT |
| Cory Sutker | | cory.sutker@cooperscully.com | 6/11/2025 10:46:06 AM | SENT |
| Jackie Cooper | | jackie.cooper@cooperscully.com | 6/11/2025 10:46:06 AM | SENT |
| Thanh Nguyen | | tdnguyen@winston.com | 6/11/2025 10:46:06 AM | SENT |