# Supreme Court of Texas

No. 23-0391

Texas Southern University, Texas Southern University President
Lesia Crumpton-Young and General Counsel Hao Le,

*Petitioners*,

v.

Mary Young,

*Respondent*

On Petition for Review from the
Court of Appeals for the First District of Texas

~ *and* ~

No. 23-0392

In re Texas Southern University, Texas Southern University
President Lesia Crumpton-Young and General Counsel Hao Le,

*Relators*

On Petition for Writ of Mandamus

JUSTICE YOUNG, concurring in the denial of the petition for review and the petition for writ of mandamus.

The State contends that the trial court in this case improperly ordered merits discovery before ruling on the State's sovereign-immunity-based plea to the jurisdiction. The Court today denies the State's petition for review and petition for writ of mandamus. I concur and write separately to explain why.

Specifically, I do not disagree with the State that a trial court must resolve a challenge to its subject-matter jurisdiction before reaching any merits issues. To the contrary, I fully endorse that principle, which applies to *all* courts and to litigation involving *any* parties, not just the State. But when the State is the defendant, these principles may play out differently. The State possesses vastly more jurisdictional defenses than typical defendants do, so the no-merits-before-jurisdiction rule usually gives the State extraordinary benefits. The State's ability to insulate itself from suit unless a plaintiff can hurdle a bevy of jurisdictional obstacles, however, entails a consequence that the State finds less desirable—that jurisdictional discovery will often burden the State more than a typical defendant. The State must take the bitter with the sweet. If the waiver of immunity is tethered to specific factual prerequisites, the only way to know if immunity has been waived is to determine if the necessary facts exist. The path to that destination often passes through jurisdictional discovery. The State finds itself in that situation here.

My votes to deny the petitions for review and for writ of mandamus reflect disagreement not with the State's asserted legal principle, therefore, but only with the State's assertion that the lower courts in this

2

case (or more generally) are flouting that principle.

\* \* \*

Mary Young began serving as the Chief of Police for Texas Southern University in 2017. In 2022, she learned that an allegedly anonymous complaint had been filed against her. Soon thereafter, TSU President Lesia Crumpton-Young falsely told Young that TSU's board of trustees wanted to fire her. Young also learned that TSU had been investigating her actions to determine whether there was merit to the complaint and whether her actions warranted termination. Despite Young's requests, TSU did not provide her a copy of the complaint.

In response, Young filed suit against TSU. She sought court orders prohibiting TSU from firing or otherwise disciplining her without first giving her a copy of the signed complaint. Young also sought a declaratory judgment that TSU's investigation and attempted discipline violated § 614 of the Texas Government Code. TSU filed a plea to the jurisdiction on the basis of sovereign immunity.

Before ruling on TSU's plea to the jurisdiction, the trial court ordered expedited discovery. The discovery order required TSU to turn over documents "related to the investigation" into Young's conduct and to produce for deposition Crumpton-Young and Darlene Brown, the auditor who led TSU's investigation into Young.

In this Court, the State's petition for review (in No. 23-0391) argues that the trial court improperly ordered merits discovery before ruling on the plea to the jurisdiction. The State contends that such an action implicitly denied the plea to the jurisdiction, which authorizes the State to bring an interlocutory appeal. It urges the Court to grant the

3

petition "[t]o clarify that a trial court may not subject a governmental defendant to *non-jurisdictional* discovery before ruling on a plea to the jurisdiction." (Emphasis added.) As an alternative, if we were to conclude that we lack appellate jurisdiction, the State has filed a petition for writ of mandamus (in No. 23-0392), which asks us to direct the district court to withdraw its discovery order and rule on the plea to the jurisdiction, thus preventing unlawful merits discovery. The underlying theory of both petitions is that merits discovery may not be ordered when there is a pending challenge to a trial court's subject-matter jurisdiction.

I do not see how anyone could disagree with that proposition. "Subject matter jurisdiction is 'essential to a court's power to decide a case.'" *City of Houston v. Rhule*, 417 S.W.3d 440, 442 (Tex. 2013) (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 553–54 (Tex. 2000)). It does not mean that anything short of a final decision is fair game despite the absence of jurisdiction, of course, because the principle "stems from the doctrine of separation of powers, and aims to keep the judiciary from encroaching on subjects properly belonging to another branch of government." *Reata Constr. Corp. v. City of Dallas*, 197 S.W.3d 371, 379 (Tex. 2006) (Brister, J., concurring). A court that exercises unauthorized judicial power is necessarily exercising power that belongs to someone else, either to others within the government or to the citizens of our State.

The State's premise is therefore correct: subject-matter jurisdiction is a condition precedent to reaching the merits of a dispute. *See In re Lazy W Dist. No. 1*, 493 S.W.3d 538, 544 (Tex. 2016) ("A trial court 'must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to

4

proceed.'" (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004))); *see also Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (describing "the first and fundamental question [as] that of jurisdiction" (quoting *Great S. Fire Proof Hotel Co. v. Jones*, 177 U.S. 449, 453 (1900))). Because "[s]overeign immunity from suit deprives a trial court of subject-matter jurisdiction," the trial court here has no authority to proceed to the merits until it determines whether TSU's plea to the jurisdiction should be sustained. *Shamrock Psychiatric Clinic, P.A. v. DHHS*, 540 S.W.3d 553, 559 (Tex. 2018). Discovery that implicates only the merits is wholly improper until it is clear that the court has authority to reach the merits.

But because discovery is not invariably tethered only to the merits, discovery is not categorically unavailable upon a challenge to a trial court's subject-matter jurisdiction. "Courts always have jurisdiction to determine their own jurisdiction," *Harrell v. State*, 286 S.W.3d 315, 317 (Tex. 2009) (quoting *Hous. Mun. Employees Pension Sys. v. Ferrell*, 248 S.W.3d 151, 158 (Tex. 2007)), so if discovery is needed to reach that determination, "trial courts considering a plea to the jurisdiction have broad discretion to allow 'reasonable opportunity for targeted discovery' and to grant parties more time to gather evidence and prepare for such hearings." *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 642–43 (Tex. 2012) (quoting *Miranda*, 133 S.W.3d at 233). After all, especially when the State is a party, jurisdiction can turn on contested facts. A trial court lacking sufficient evidence to resolve a jurisdictional fact question and thus to rule on the plea to the jurisdiction may order targeted discovery. *Miranda*, 133 S.W.3d at 229. Discovery of this kind

5

is not a transgression of a court's subject-matter jurisdiction—it is how a court ensures that no such transgression occurs.

Relevant to this case, where the facts are insufficient for a court to determine its jurisdiction in an *ultra vires* claim, a court may order targeted discovery into the key factual issues related to the claim. True, there will sometimes—often—be some overlap with the merits, especially in *ultra vires* cases where the waiver of immunity, which implicates jurisdiction, is closely linked to the merits. That truism hardly means that broad discovery into the merits is permissible, though. Targeted discovery cannot be allowed unless—and only to the extent that—it is essential to the resolution of a jurisdictional question. It would be worse than improper for a court to keep anything but a firm tether on discovery during the pendency of a jurisdictional challenge.

The scope of jurisdictional discovery, therefore, will vary based on the scope of an *ultra vires* allegation, which "is dependent upon the grant of authority at issue in any particular case." *Hous. Belt & Terminal Ry. Co. v. City of Houston*, 487 S.W.3d 154, 164 (Tex. 2016). The grant of authority at issue here is in the Texas Government Code. The statute requires an agency to give a law enforcement officer "[a] copy of a signed complaint [filed against her] . . . within a reasonable time after the complaint is filed." Tex. Gov't Code § 614.023(a). And "[d]isciplinary action may not be taken against the officer . . . unless a copy of the signed complaint is given to" her. *Id.* § 614.023(b). The statute also provides that a complaint may not be "considered by the head of a state agency" unless the complaint is first "in writing" and second "signed by the person making the complaint." *Id.* § 614.022.

6

The State argues that the "only potential [jurisdictional] factual dispute concerns when Young received a copy of the complaint against her and what the contents of that complaint were." I cannot agree. The statute raises several jurisdictional factual issues: (1) when Crumpton-Young was alerted to the complaint and what action she took, if any, between that time and when Young was provided a copy of the complaint; (2) whether TSU took any disciplinary actions against Young before giving her a copy of the complaint; and (3) whether Young was provided the complaint within a reasonable time. From what I can see, the trial court did not have the evidence it needed to properly address these jurisdictional issues.

Young pleaded that Crumpton-Young told her that she was going to be fired because of an anonymous complaint. She also pleaded that TSU was investigating her to determine whether there was merit to the complaint's allegations. Why Crumpton-Young made her false statement to Young, and what decisions were being made during TSU's investigation, implicate a fact issue as to whether TSU had decided to discipline Young before she was given the allegedly anonymous complaint. In fact, the trial court noted in its discovery order that the reason Crumpton-Young made her false statement to Young was "directly probative on the issue that an adverse employment decision had been made without complying with [the statute]."

The trial court required TSU to turn over documents related to Brown's investigation. It also required the depositions of Brown and Crumpton-Young. True, if understood apart from its context, this discovery order *could* be viewed as overbroad and beyond what is needed

7

to determine the court's jurisdiction to hear the suit. In a vacuum, it might appear to authorize discovery into the merits. But the order was not issued in a vacuum. Everyone knows its jurisdictional purpose. Given that context, we cannot assume that any apparent imprecision or breadth reflects a trial court's intent to ignore jurisdiction and address the merits. Ordering jurisdictional discovery would be a clear abuse of discretion only if it necessarily trespasses so far into the merits that any tether to pending jurisdictional questions was illusory or pretextual. And such an order would warrant appellate relief only if a trial court refused to correct it.

I acknowledge, of course, that parties might seek improper discovery from an order that does not inherently or inevitably require transgressing the no-merits-before-jurisdiction rule. If they do, the State (or any party in such a situation) could readily take protective action far short of immediately noticing an appeal or seeking mandamus relief. For one thing, if an adverse party (in this case, Young) seeks to leverage permissible *jurisdictional* discovery into clearly impermissible *merits* discovery, the other side (in this case, the State) may seek a protective order, resist a motion to compel, or take similar steps. A trial court who issued an order in good faith only to determine its own jurisdiction would not permit that order to be abused. If it does, the appellate courts can and should appropriately limit discovery. The State, in fact, has identified two cases in which a lower court has acted in disregard of the jurisdictional principles that the State advances, and in both cases the appellate courts stepped forward to vindicate those principles. *See In re Lamar Univ.*, No. 09-18-00241-CV, 2018 WL 3911062 (Tex. App.—

8

Beaumont Aug. 16, 2018, orig. proceeding); *City of Galveston v. Gray*, 93 S.W.3d 587, 591 (Tex. App.—Houston [14th Dist.] 2002, pet. denied).

By contrast, the State thus far has not identified cases where the courts of appeals have failed to act appropriately. If there is an epidemic of unconstitutional orders allowing merits discovery without a jurisdictional foundation, I am unaware of it. If the State, or any party, finds itself in such a position, that party should present concrete evidence that the trial court has exceeded its jurisdiction (and, especially in this Court, any available evidence that other courts are frequently doing so). At present, however, this Court's review does not appear to be needed.

Again, I emphasize that "the court may not reach the merits if it finds a single valid basis to defeat jurisdiction." *Rattray v. City of Brownsville*, 662 S.W.3d 860, 868 (Tex. 2023). Trial courts must determine whether they have jurisdiction before proceeding to the merits. Based on the information before us, the lower courts appreciate this fundamental principle. Nothing that I see in this case reflects a clear violation of the very rules the State properly defends. The district court neither implicitly denied the plea to the jurisdiction nor clearly abused its discretion by allowing discovery in derogation of its jurisdiction. I therefore concur in the denial of the petitions for review and for writ of mandamus.

Evan A. Young
Justice

**OPINION FILED:** October 13, 2023

9