

## Fourth Court of Appeals
### San Antonio, Texas

### MEMORANDUM OPINION

No. 04-24-00093-CV

**CITY OF LAREDO**,
Appellant

v.

Ramiro **RODRIGUEZ**,
Appellee

From the 341st Judicial District Court, Webb County, Texas
Trial Court No. 2023CVF001029D3
Honorable Rebecca Ramirez Palomo, Judge Presiding

PER CURIAM

Sitting:      Beth Watkins, Justice
             Liza A. Rodriguez, Justice
             Lori I. Valenzuela, Justice

Delivered and Filed: March 6, 2024

DISMISSED FOR WANT OF JURISDICTION

In the trial court, appellant the City of Laredo filed a plea to the jurisdiction arguing the trial court lacked jurisdiction over appellee Ramiro Rodriguez's claims against it. Rodriguez filed a response to the City's plea that requested "a continuance on the Plea to allow for the taking of pertinent discovery" as to the jurisdictional issues. On January 17, 2024, the trial court granted Rodriguez's motion for continuance to allow for additional discovery. In its order, the trial court expressly "abate[d] its ruling on the Plea [to the jurisdiction] until the expiration of the July 26, 2024 discovery deadline currently set forth in the Court's Pre-Trial Guideline Order."

On February 6, 2024, the City filed a "Notice of Interlocutory Appeal and in the Alternative Petition for Writ of Mandamus." The City's notice sought to challenge "the trial court's January 17, 2024 implicit denial of [the City's] Plea to the Jurisdiction." Alternatively, the City asked us to treat its notice of appeal as a petition for writ of mandamus. On February 15, 2024, Rodriguez filed a motion to dismiss the City's appeal for want of jurisdiction.

On direct appeal, we generally have jurisdiction to review: (1) final judgments that dispose of all parties and all claims; and (2) interlocutory appeals that are authorized by statute. *See CMH Homes v. Perez*, 340 S.W.3d 444, 447 (Tex. 2011); *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Under Texas Civil Practice and Remedies Code section 51.014, "[a] person may appeal from an interlocutory order of a district court . . . that . . . grants or denies a plea to the jurisdiction by a governmental unit[.]" TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8).

Here, the trial court's order was not a final judgment, and it did not grant or deny the City's plea to the jurisdiction. Instead, that order expressly abated the court's ruling on the plea until a later date and granted appellee's motion for a continuance to conduct additional discovery on jurisdictional issues. Our sister courts have dismissed interlocutory appeals from similar orders for want of jurisdiction. *See, e.g.*, *City of Galveston v. Gray*, 93 S.W.3d 587, 590 (Tex. App.—Houston [14th Dist.] 2002, pet. denied) (dismissing interlocutory appeal for want of jurisdiction where "the trial court specifically stated it was not ruling on the pleas to the jurisdiction, but was granting [appellee's] motion for continuance and allowing discovery"); *Tex. Dep't of Pub. Safety v. Salazar*, No. 03-11-00206-CV, 2011 WL 1469429, at *1 (Tex. App.—Austin Apr. 19, 2011, no pet.) (op. on reh'g) (same). Accordingly, on February 16, 2024, we ordered the City to show cause why this appeal should not be dismissed for want of jurisdiction. In our order, we also noted that while the City alternatively asked us to treat its notice of appeal as a petition for writ of mandamus, its notice did not comply with Texas Rule of Appellate Procedure 52.3's requirements for the form and

content of a petition for writ of mandamus. *See* TEX. R. APP. P. 52.3. Accordingly, we instructed the City that if it wished for its filing to be treated as an original proceeding, it must file an appropriate petition in accordance with Texas Rule of Appellate Procedure 52.3 as a new cause number.

On February 26, 2024, the City filed the response required by our order. In its response, the City explained that it "desire[d] to pursue its Interlocutory Appeal for the implicit denial of its Plea by the trial court[.]" However, the City did not cite any authority that permits us to exercise interlocutory jurisdiction over an order that neither grants nor denies a plea to the jurisdiction. *See Gray*, 93 S.W.3d at 590; *Salazar*, 2011 WL 1469429, at *1. Moreover, the City contemporaneously filed a petition for writ of mandamus in a separate cause number, and it noted that it would "defer[] to the Court in its consideration of" that petition.

"Because there is no order denying the plea[] to the jurisdiction from which to appeal, we do not have jurisdiction over this interlocutory appeal." *Gray*, 93 S.W.3d at 590. Accordingly, we dismiss this appeal for want of jurisdiction. *Id.* We also deny appellee's pending motion to dismiss this appeal as moot. The City's petition for writ of mandamus remains pending in this court in Cause Number 04-24-00139-CV. *See Gray*, 93 S.W.3d at 591–93.

PER CURIAM

- 3 -