# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REHEARING

### NO. 03-11-00206-CV

**Texas Department of Public Safety; Steve McGraw, in his official capacity as Director of the Texas Department of Public Safety; and Allan B. Polunsky, in his official capacity as Chairman of the Public Safety Commission, Appellants**

**v.**

**Miguel Salazar; Edgar Soria; Francisco Avila Trejo; Green Meadows Landscaping, Inc.; Merida Flores; Nader Dalo; Godofredo A. Orellana; and Ruwaidha Liwaza, Appellees**

---

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT NO. D-1-GN-09-000273, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

We withdraw our opinion and judgment dated April 14, 2011, and substitute the following in its place.

The Texas Department of Public Safety, the Director of the Texas Department of Public Safety, and the Chairman of the Public Safety Commission (collectively, the "Department"), have filed a notice of interlocutory appeal, asserting that the trial court has "implicitly" denied their plea to the jurisdiction. Appellees Miguel Salazar, Edgar Soria, Francisco Avila Trejo, Green Meadows Landscaping, Inc., Merida Flores, Nader Dalo, Godofredo A. Orellana, and Ruwaidha Liwaza have filed an emergency motion to dismiss this appeal, contending that this Court lacks

jurisdiction because the trial court has not yet denied the Department's plea to the jurisdiction. The appellees further assert that the Department is improperly using the automatic stay associated with this interlocutory appeal to avoid discovery and prevent the filing or hearing of dispositive motions.

The civil practice and remedies code expressly provides for an interlocutory appeal from an order granting or denying a plea to the jurisdiction by a governmental unit. Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West 2008). When a notice of interlocutory appeal under section 51.014(a)(8) is filed, all proceedings in the trial court are automatically stayed pending resolution of the appeal. *Id.* § 51.014(b). While the Department contends that the trial court "implicitly" denied its plea to the jurisdiction, the order appealed from does not deny the plea to the jurisdiction, implicitly or otherwise, but grants the appellees' motion for continuance of the Department's plea to the jurisdiction and allows additional discovery. *See City of Galveston v. Gray*, 93 S.W.3d 587, 590 (Tex. App.—Houston 2002, pet. denied) (holding that order granting motion for continuance and allowing discovery did not constitute implicit denial of plea to jurisdiction). Because the trial court's order does not deny the Department's plea to the jurisdiction, we lack jurisdiction over this interlocutory appeal.

Due to the emergency nature of the appellees' motion and the effect of the automatic stay, we invoke Texas Rule of Appellate Procedure 2 and suspend the requirement that we give the parties ten days' notice of the Court's intent to involuntarily dismiss the appeal. *See* Tex. R. App. P. 2 and 42.3.

This appeal is dismissed for want of jurisdiction. The Clerk of this Court is directed to issue the mandate immediately. *See* Tex. R. App. P. 18.6.

_____

Diane M. Henson, Justice

Before Chief Justice Jones, Justices Henson and Goodwin
  Dissenting Opinion by Justice Goodwin

Dismissed for Want of Jurisdiction on Rehearing

Filed:   April 19, 2011