

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-24-00538-CV

**IN RE BEXAR MEDINA ATASCOSA COUNTIES WATER CONTROL AND IMPROVEMENT DISTRICT NUMBER ONE**; George Weimer, President; Bob Roberts Jr., Vice President; Christopher Friesenhahn, Secretary/Treasurer; Dustin Navarro, Board Member; Garret Wilson, Board Member; Morris Salzman, Board Member; Gordon Hitzfelder, Board Member; Brian Sullivan, Operations Manager; and Bonnie Tapp Sallee, Office Manager; Relators

Original Mandamus Proceeding[1]

Opinion by:    Adrian A. Spears II, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Adrian A. Spears II, Justice
               H. Todd McCray, Justice

Delivered and Filed: February 12, 2025

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

Bexar Medina Atascosa Counties Water Control and Improvement District Number One

("BMA") and its directors and employees named in the underlying suit (collectively, "relators")

seek a writ of mandamus directing the trial court to withdraw its rulings continuing a hearing on

their plea to the jurisdiction for the purpose of allowing discovery. Because we conclude the trial

---

[1]This proceeding arises out of Cause No. 2023CI11920, styled *San Antonio Water System, an agency of the City of San Antonio v. Bexar Medina Atascosa Counties Water Control and Improvement District Number One; George Weimer, President; Bob Roberts Jr., Vice President; Christopher Friesenhahn, Secretary/Treasurer; Dustin Navarro, Board Member; Garret Wilson, Board Member; Morris Salzman, Board Member; Gordon Hitzfelder, Board Member; Brian Sullivan, Operations Manager; and Bonnie Tapp Sallee, Office Manager; each in their official capacities*, pending in the 407th Judicial District Court, Bexar County, Texas, the Honorable Rosie Alvarado presiding.

court abused its discretion and relators' appellate remedy is inadequate, we conditionally grant mandamus relief.

## BACKGROUND

SAWS filed a declaratory judgment suit against relators, seeking a declaration that a water supply agreement between the parties was void. SAWS's live pleading, its first amended petition, alleged that the agreement violates the "gift clause" in the Texas Constitution because it requires SAWS to pay for water it is not receiving, even when BMA does not have sufficient quality water to comply with the agreement. As to subject matter jurisdiction, the amended petition alleged the trial court had "jurisdiction to compel compliance with statutory or constitutional provisions, and to enjoin public officials from expending public funds under a contract that is void or illegal." It further alleged that BMA's directors and managers, who were sued in their official capacities, were violating the Texas Constitution "by continuing to enforce" the parties' water supply agreement "and approve expenditures of SAWS ratepayer funds obtained under the [a]greement." It added: "These acts are pursuant to an unlawful agreement, are ultra vires acts outside of their authority, and must be enjoined." Finally, the amended petition alleged: "Governmental immunity is not implicated, or, in the alternative, is waived."

In response, relators filed an answer denying SAWS's allegations and a plea to the jurisdiction arguing the trial court lacked subject matter jurisdiction because "(1) BMA has governmental immunity; (2) the BMA directors are immune because SAWS has not properly pled any ultra vires claims; and (3) the PUC [Public Utility Commission] has exclusive jurisdiction over SAWS['s] claims."

On May 31, 2024, SAWS served relators with twenty-six requests for production and four interrogatories. Relators objected to the discovery on grounds it was merits-based and irrelevant to the preliminary jurisdictional issue raised in their plea to the jurisdiction.

Relators' plea to the jurisdiction was set for a hearing on August 7, 2024. However, about three weeks before the plea to the jurisdiction hearing, SAWS filed a motion to continue the hearing and compel relators to answer its discovery.

On July 31, 2024, the trial court held a hearing on the motion to continue/compel. At the beginning of the hearing, SAWS asked the trial court to postpone the plea to the jurisdiction hearing until twenty-one days after relators answered discovery. Later in the hearing, SAWS and relators provided dramatically different views of the jurisdictional issues presented and the propriety of allowing discovery at this stage in the proceedings.

SAWS argued the trial court had jurisdiction over its suit "pursuant to Article 3, Section 52, which is the gift clause, as well as Article 5, Section 8 of the Texas Constitution." Additionally, SAWS maintained that it needed discovery "on the availability of water and on the quality of that water from Medina Lake directly from BMA" and "BMA's methods for calculating the availability to determine whether or not there's a violation of the gift clause. Put simply, Your Honor, if there's a violation of the gift clause, you have jurisdiction to hear it."

Relators argued SAWS was not entitled to any discovery at this preliminary stage because:

> Again, we did not attach evidence [to our plea to the jurisdiction], nor did we contest a single fact in the petition filed by [SAWS]. So we accepted all of their facts as true. So we are under the *Miranda* standard, where it's moving solely on the pleadings.
>
> . . .
>
> [M]y client, BMA, is a governmental entity . . . . And we have said [in our plea to the jurisdiction] that the declaratory judgment suit is barred by governmental immunity . . . . We also argued the individual defendants have governmental immunity and that SAWS failed to allege ultra vir[e]s actions under the applicable legal standard. And then we also made the argument that the Texas Water Code provides the PUC . . . with exclusive jurisdiction over water contract disputes like this one. These are all legal challenges. There is no factual dispute identified in our plea to the jurisdiction. We moved solely on the pleadings.

After both sides presented their arguments, the trial court announced its rulings:

> Okay. I think I've heard enough on the issue.
>
> I am going to grant [the motion] . . . .
>
> I do believe some of [the discovery requested] gets into the merits specifically. And I understand [SAWS's] argument. It's a novel argument. . . .
>
> But I'm going to have y'all confer. I'm going to give you two weeks to get this narrowed down and tailored to the jurisdictional limitations, because we didn't go line by line on 26 requests for production and four interrogatories.
>
> . . . .
>
> I will grant the continuance in the interim, and it will be from 21 days from getting the order entered on this discovery issue. That way it's not 21 days from today; it's 21 days from order entry as to the limited discovery on the motion to compel.
>
> . . . .
>
> What I'm allowing right now is for limited discovery on these jurisdictional issues. And I'm going to have you-all confer, because there's a substantive amount here.

When relators asked the trial court for further guidance, the trial court stated that the discovery should be limited to "the availability of the water; the methods of calculation; [and] the quality of the water."

On August 9, 2024, relators filed the instant mandamus petition, arguing (1) the trial court abused its discretion by continuing the plea to the jurisdiction hearing and ordering discovery before ruling on their pleadings-based plea to the jurisdiction; and (2) their appellate remedy is inadequate. We determined relators' mandamus petition presented a serious question concerning the relief sought and requested a response. *See* TEX. R. APP. P. 52.8(b)(1). SAWS requested an extension of time to file its response, which we granted. After SAWS filed a response, relators filed a reply.

## MANDAMUS REQUIREMENTS

"[M]andamus relief is appropriate if the relator[s] establish[] a clear abuse of discretion for which there is no adequate appellate remedy." *In re Durnin*, 619 S.W.3d 250, 252 (Tex. 2021)

(orig. proceeding). The burden is on the relator to provide a sufficient record showing it is entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992). The Texas Rules of Appellate Procedure provide that a mandamus petition must include, as part of an appendix, "a certified or sworn copy of any order complained of, or any other document showing the matter complained of." TEX. R. APP. P. 52.3(k)(1)(A). Texas appellate courts, including this court, have interpreted this rule to permit mandamus relief based upon an oral ruling that is shown by the reporter's record. *See In re Bustos*, No. 04-14-00755-CV, 2014 WL 7339259, at *3 (Tex. App.—San Antonio Dec. 23, 2014, orig. proceeding) (conditionally granting mandamus relief and ordering the trial court to withdraw its oral orders modifying conservatorship and possession and access in a family law case); *In re Bledsoe*, 41 S.W.3d 807, 811 (Tex. App.—Fort Worth 2001, orig. proceeding) (concluding "rule 52.3(j)(1)(A) allows consideration of an oral order if the court's ruling is a clear, specific, and enforceable order that is adequately shown by the record.").

## EXISTENCE OF "PRESENT" RULINGS

In its response, SAWS argues that mandamus cannot issue because the trial court did not "presently render" a ruling on its motion to continue/compel. Specifically, SAWS argues the trial court "*never actually adjudicated* which of SAWS's twenty-six requests for production and four interrogatories the trial court would compel [relators] to answer," but rather it left the parties "to work out which of the nearly thirty discovery requests would eventually be subject to the trial court's subsequent order." (emphasis in original). In support of its argument, SAWS directs our attention to *Baker v. Bizzle*, 687 S.W.3d 285, 292 (Tex. 2024), which provides:

> Reducing a decision to final judgment has three phases: (1) rendition; (2) signing; and (3) entry. . . . A judgment's "rendition" is "the judicial act by which the court settles and declares the decision of the law upon the matters at issue." Rendition of judgment requires a present act, either by spoken word or signed memorandum, that decides the issues on which the ruling is made. If the judge's words only indicate an intention to render judgment in the future or to provide guidelines for

drafting a judgment, the pronouncement cannot be considered a present rendition of judgment.

*Id.* (citations omitted).

The record shows the trial court did not merely indicate an intention to render a ruling in the future or to provide guidelines for drafting an order. Instead, the record shows the trial court granted the continuance on the plea to jurisdiction hearing for the express purpose of allowing discovery on specific topics. Specifically, the trial judge stated she was "grant[ing] the continuance in the interim" and that she was "limiting [discovery] to the availability of the water; the method of calculation; the quality of the water. So I think you-all can confer on that. That's my ruling. I'm going to leave it at that." We conclude the trial court's oral rulings were "present" rulings adequately shown by the record for which mandamus may issue. *See id*; TEX. R. APP. P. 52.3(k)(1)(A).

### ABUSE OF DISCRETION

The first prerequisite for mandamus relief is an abuse of discretion. *See In re Durnin*, 619 S.W.3d at 252. Relators argue the trial court abused its discretion by continuing the hearing on its plea to the jurisdiction and allowing discovery because their jurisdictional challenge was solely pleadings-based and did not challenge the existence of jurisdictional facts.[2]

Subject matter jurisdiction is essential to the trial court's power to decide a case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443 (Tex. 1993). "The burden is on the plaintiff to affirmatively demonstrate the trial court's jurisdiction." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012). It is the plaintiff's initial burden to plead facts that affirmatively demonstrate the trial court's subject matter jurisdiction, and whether the plaintiff has satisfied this

---

[2]To the extent relators also argue the trial court abused its discretion because the discovery ordered was merits-based and not narrowly tailored to any jurisdictional facts, we need not address their argument. *See* TEX. R. APP. P. 47.1.

pleading burden is a question of law. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

"A plea to the jurisdiction challenges the court's authority to decide a case." *Heckman*, 369 S.W.3d at 149. When a plea to the jurisdiction is filed, "[t]he trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed." *Miranda*, 133 S.W.3d at 226. A plea to the jurisdiction may be presented as either (1) a challenge to the sufficiency of the pleadings, or (2) a challenge to the existence of jurisdictional facts. *Id*. at 226-27. When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court considers relevant evidence submitted by the parties and necessary to resolve the jurisdictional issues raised. *Id*. at 227. By contrast, "[w]hen a plea to the jurisdiction challenges the pleadings, [the trial court] determine[s] if the pleader has alleged facts that affirmatively demonstrate [its] jurisdiction to hear the cause." *Id*. at 226. In making this determination, courts "construe the pleadings liberally in favor of the plaintiff[] and look to the pleader['s] intent." *Id*. "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court[']s jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff[] should be afforded the opportunity to amend." *Id*. at 226-27. "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without giving the plaintiff[] an opportunity to amend." *Id*. at 227.

Consistent with these tenets, several Texas courts of appeals have concluded that a trial court abuses its discretion when it delays ruling on a jurisdictional plea for the purpose of allowing discovery unnecessary to the jurisdictional challenge. *See In re Dallas Cty.*, No. 05-21-01144-CV, 2022 WL 1467987, at *3 (Tex. App.—Dallas My 10, 2022, orig. proceeding) ("Because relators' jurisdictional challenges [were] solely based on the sufficiency of the pleadings," "the trial court

abused its discretion by compelling *any* discovery before considering the pleas to the jurisdiction."); *In re Brown*, No. 05-20-00639-CV, 2020 WL 4047965, at *3-4 (Tex. App.—Dallas July 20, 2020, orig. proceeding) (concluding trial court abused discretion by deferring ruling on plea to jurisdiction that did not challenge existence of jurisdictional facts); *In re Lamar Univ.*, No. 09-18-00241-CV, 2018 WL 3911062, at *3 (Tex. App.—Beaumont Aug. 16, 2018, orig. proceeding) (concluding trial court's decision to allow discovery unrelated to the jurisdictional issue was an abuse of discretion); *City of Galveston v. Gray*, 93 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (concluding trial court abused discretion in continuing hearing and refusing to rule on defendants' pleas to jurisdiction).

The present case is analogous to *In re Tx. Bd. of Pardons and Paroles*, No. 05-24-01213-CV, 2024 WL 4891065, at *3 (Tex. App.—Dallas Nov. 26, 2024, orig. proceeding) (concluding when governmental entity defendant argued in its motion to dismiss that the plaintiff's "pleadings, taken as true, demonstrate conclusively that [the trial court] lacks jurisdiction over any claim," the trial court was required to rule on the motion to dismiss before ordering the governmental entity to engage in jurisdictional discovery). There, the trial court granted a continuance on a governmental entity's jurisdictional plea and allowed the plaintiff to conduct limited discovery to develop the jurisdictional issues. *Id*. at *2 In granting mandamus relief, the court of appeals explained that trial courts are required to rule on pleadings-only jurisdictional challenges before ordering a governmental entity defendant to engage in jurisdictional discovery because if the trial court "determines that [the plaintiff's] pleadings, taken as true, demonstrate conclusively that no waiver of immunity applies here, then [it] should grant [] the motion to dismiss [the plaintiff's] claims without giving [her] an opportunity to amend her pleadings or to take jurisdictional discovery." *Id*. at *3. "On the other hand, if [the trial court] determines that [the plaintiff's] pleadings do not contain sufficient facts to affirmatively establish or to affirmatively negate the

existence of a waiver of immunity, then [the trial court] should grant [the jurisdictional plea] but may also afford [the plaintiff] an opportunity to take appropriate jurisdictional discovery and to amend her pleadings before dismissing the case." *Id*.

Here, relators argue, and we agree, that the only jurisdictional challenge contained in their plea to the jurisdiction was a challenge to the sufficiency of SAWS's live pleadings to demonstrate the trial court's jurisdiction. Specifically, relators' plea to the jurisdiction argued SAWS's live pleadings did not allege a waiver of BMA's immunity and did not allege any specific conduct by the individual defendants that qualified as ultra vires acts. Relators further argued the trial court lacked jurisdiction because the PUC had exclusive jurisdiction over SAWS's challenge to the validity of the water supply agreement between the parties. Thus, the crux of relators' jurisdictional challenge was that SAWS's pleadings, taken as true, demonstrated the trial court lacked jurisdiction over its claim.

In its response, SAWS does not dispute the general proposition that when a plea to the jurisdiction presents only a challenge to the sufficiency of the pleadings, a trial court is required to rule on that challenge before requiring a governmental entity to answer discovery. Nor does SAWS distinguish the above-cited cases from our sister courts of appeals granting mandamus relief under such circumstances. Instead, SAWS construes relators' plea to the jurisdiction as "creat[ing] a fact issue by denying the facts underpinning jurisdiction of the [a]ction under the Gift Clause." Specifically, SAWS argues that "BMA directly put at issue and created a fact question in its Plea to the Jurisdiction regarding whether BMA actually maintains 6 billion gallons of water annually ready to deliver to SAWS upon request." We disagree. Nowhere in their plea to the jurisdiction do relators challenge the existence of this fact. Additionally, SAWS argues that relators do not enjoy governmental immunity protections "not because they were *waived*, but because they *do not apply at all*." (emphasis in original). However, whether immunity from suit applies at all is a legal issue

which the trial court must determine in the first instance before requiring a governmental entity to answer discovery.

In sum, because relators' plea to the jurisdiction is based solely on the sufficiency of SAWS's pleadings to demonstrate the trial court's jurisdiction, the trial court abused its discretion by continuing the plea to the jurisdiction hearing for the purpose of allowing discovery that is unnecessary at this stage in the proceedings. *See In re Tx. Bd. of Pardons and Paroles*, 2024 WL 4891065, at *3 (concluding trial court abused its discretion by compelling discovery before ruling on sufficiency of the pleadings jurisdictional challenge); *In re Dallas Cty.*, 2022 WL 1467987, at *3 ("Without any fact-dependent jurisdictional arguments requiring further discovery, the trial court was obligated to hear the pleas to the jurisdiction at the earliest opportunity before considering whether to compel discovery.").

## INADEQUATE REMEDY BY APPEAL

The second prerequisite for mandamus relief is the lack of an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135-36 (Tex. 2004). In the mandamus context, the word "adequate" "has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when appellate courts will use original mandamus proceedings to review the actions of lower courts." *Id*. at 136. "Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings." *Id*.

Here, the trial court's rulings impair relators' substantive and procedural rights. First, relators' right to a ruling on its jurisdictional challenge at the trial court's "earliest opportunity"

was impaired. *Miranda*, 133 S.W.3d at 226 (providing trial court is required "to determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed."). Second, relators' right to an accelerated appeal to review the trial court's jurisdictional ruling was impaired. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(8) (authorizing interlocutory appeal from order granting or denying a plea to the jurisdiction by a governmental unit). The Legislature specifically granted governmental units like BMA the right to an accelerated appeal from a ruling on plea to the jurisdiction for the purpose of avoiding the expense of unnecessary litigation, including pretrial discovery. *See City of Galveston*, 93 S.W.3d at 592. "The policy reasons for providing an interlocutory appeal from an order granting or denying a plea to the jurisdiction is the State should not have to expend resources in trying a case on the merits if it is immune from suit." *Id*. Finally, the trial court's rulings subject relators to the burden and expense of discovery in contravention of the policies established by the Legislature. *See id*.

For these reasons, we conclude relators' appellate remedy is inadequate. *See In re Tx. Bd. of Pardons and Paroles*, 2024 WL 4891065, at *3 (concluding when trial court required governmental entity to engage in jurisdictional discovery in response to a pleadings-based jurisdictional challenge, its "harm [could not] be adequately remedied on appeal."); *In re Dallas Cty.*, 2022 WL 1467987, at *3 (concluding when trial court ordered discovery without any fact-dependent jurisdictional arguments, relators lacked an adequate remedy by appeal because they were subjected to the burden and expense of litigation before their immunity claims were determined); *In re Lamar Univ.*, 2018 WL 3911062, at *3 (holding relators had no adequate remedy by appeal because the trial court's order subjected them to the burden and expense of litigation before determining their claims of immunity from suit and deprived them of their right to an accelerated appeal).

## CONCLUSION

Because the trial court abused its discretion and relators' appellate remedy is inadequate, we conditionally grant the petition for a writ of mandamus and direct the trial court to withdraw its oral rulings continuing the hearing on the plea to the jurisdiction and ordering discovery. *See* TEX. R. APP. P. 52.8(c). The writ will issue only if we are notified the trial court has failed to do so within fourteen days of the date of this opinion.

Adrian A. Spears II, Justice