ACCEPTED
15-25-00094-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
5/22/2025 9:29 AM
CHRISTOPHER A. PRINE
CLERK

NO. 15-25-00094-CV

IN THE FIFTEENTH DISTRICT COURT OF APPEALS
FOR THE STATE OF TEXAS AT AUSTIN, TEXAS

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
5/22/2025 9:29:03 AM
CHRISTOPHER A. PRINE
Clerk

**In re M. Brett Cooper, M.D.,**
*Relator*

On Petition for Writ of Mandamus
From the 493rd District Court at Collin County, Texas
Cause No. 493-08026-2024
The Honorable Judge Christine A. Nowak, Presiding

## DR. COOPER'S EMERGENCY MOTION TO STAY PENDING PETITION FOR WRIT OF MANDAMUS

Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
LAWSON & MOSHENBERG PLLC
801 Travis Street, Suite 2101 #838
Houston, TX 77002
Telephone: (832) 280-5670
avi.moshenberg@lmbusinesslaw.com

Simona Agnolucci (*pending pro hac admission*)
Barrington Dyer (*pending pro hac admission*)
Jennifer J. Hardy
Texas Bar No. 24096068
Anika Holland (*pending pro hac admission*)
Emily Abbey (*pending pro hac admission*)
Isabella McKinley Corbo (*pending pro hac admission*)
Zoe Packman (*pending pro hac admission*)
Rodolfo Rivera Aquino (*pending pro hac admission*)
Remy Carreiro (*pending pro hac admission*)
Emma Rodriguez (*pending pro hac admission*)
WILLKIE FARR & GALLAGHER LLP
333 Bush Street, 34th Floor
San Francisco, CA 94104
Telephone: (415) 858-7470

ATTORNEYS FOR RELATOR

## INTRODUCTION

Relator, Dr. M. Brett Cooper ("Dr. Cooper"), respectfully requests that this Court issue an emergency stay of all trial court proceedings, including the hearing currently set for May 29, 2025, on (1) Relator's Rule 91a Motion to Dismiss, and (2) the State's Motion to Compel, pending this Court's resolution of the concurrently filed Petition for Writ of Mandamus.

On April 25, 2025, Dr. Cooper filed a Plea to the Jurisdiction, asserting sovereign immunity under Section 101.106(f) of the Texas Tort Claims Act ("TTCA"), and challenging the trial court's subject-matter jurisdiction. M.R. 259 (Plea to the Jurisdiction). That plea remains unresolved because the trial court, on its own initiative, refused to set it for hearing despite the parties offering agreeable hearing dates. Appendix ("App.") at 8, 18. Instead, the trial court scheduled a hearing on two merits-based motions over Dr. Cooper's objection. App. 18; M.R. 645 (Notice of State's Motion to Compel Hearing); M.R. 649 (Dr. Cooper's May 7, 2025 Letter to Court). Left uncorrected, this unlawful sequencing (1) forces Dr. Cooper to incur burdensome discovery and litigation costs from which sovereign immunity is designed to shield State employees, (2) strips Dr. Cooper of his statutory right to an interlocutory appeal under Section 51.014(a)(8) of the Texas Civil Practice and Remedies Code, and (3) threatens this Court's mandamus jurisdiction.

1

A stay under Rule 52.10(b) is necessary to halt this improper exercise of judicial power and preserve both Dr. Cooper's rights and this Court's authority to act.

## ARGUMENTS & AUTHORITIES

Texas Rule of Appellate Procedure 52.10(b) authorizes a court to issue "any just relief pending the court's action on the petition." Tex. R. App. P. 52.10(b). Relief under Rule 52.10(b) is designed to preserve "the parties' rights while the appeal proceeds." *In re State*, — S.W.3d —, No. 24-0325, 2024 WL 2983176, at *2 (Tex. June 14, 2024). Because a stay under Rule 52.10(b) is "a kind of injunction," the appellate court must consider: (1) "the likely merits of the parties' respective legal positions," and (2) "the injury that will befall either party depending on the court's decision." *Id.* at *2–3. A stay is warranted here because Dr. Cooper easily satisfies both elements.

**First,** the trial court's refusal to hear and rule on Dr. Cooper's pending Plea to the Jurisdiction—while scheduling hearings on the merits—is a clear abuse of discretion under well-settled Texas precedent. *See Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004); *see also In re Torres,* No. 13-17-00172-CV, 2017 WL 2665986, at *5 (Tex. App. June 21, 2017) ("[M]andamus relief is available when a trial court litigates the merits of a case and delays ruling on a plea to the jurisdiction."). A court must determine its jurisdiction at the earliest

possible opportunity and cannot proceed to the merits unless and until it confirms jurisdiction exists. *Texas Dep't of Parks & Wildlife*, 133 S.W.3d at 226.

But the trial court here has flipped that principle on its head. Despite Dr. Cooper's repeated requests (including a May 7 letter urging the trial court to hear his Plea at the "earliest opportunity, and before hearing" other motions) the court refused to set the Plea. Indeed, the trial court suggested further discovery might be necessary, and that the Plea was not "ripe," without denying—or even addressing— the portion of Dr. Cooper's Plea based solely on the pleadings. App. 21. At the same time, the trial court set for hearing both the State's Motion to Compel and Dr. Cooper's Rule 91a Motion, both of which go to the merits of the State's claims rather than to the trial court's subject-matter jurisdiction. Put simply, the trial court is pushing forward on the merits while refusing to determine whether it has jurisdiction in the first place. This is a plain abuse of discretion. *See, e.g.*, *In re First Mercury Ins. Co.*, No. 13-13-00469-CV, 2013 WL 6056665, at \*5 (Tex. App.—Corpus Christi–Edinburg Nov. 13, 2013, no pet.) (finding an abuse of discretion where the trial court delayed ruling on a plea to the jurisdiction from "May 21 until August 26" after the defendant "sent a letter to the trial court to 'respectfully request a ruling.'").

**Second,** absent immediate relief, Dr. Cooper will be compelled to participate in a May 29 hearing on the merits and engage in costly litigation and discovery to defend against claims that the trial court may have no jurisdiction to hear at all. That

3

scenario is exactly what sovereign immunity and Section 51.014(a)(8) are meant to prevent. Tex. Civ. Prac. & Rem. Code § 51.014(a)(8); *see also City of Galveston v. Gray*, 93 S.W.3d 587, 591 (Tex. App.–Houston [14th Dist.] 2002, pet. denied) (agreeing that "a governmental unit's entitlement to be free from suit is effectively lost if the trial court erroneously assumes jurisdiction and subjects the governmental unit to pre-trial discovery and the costs incident to litigation; therefore the trial court abuses its discretion and there is no adequate remedy at law."). The trial court's unnecessary delay in ruling on Dr. Cooper's Plea jeopardizes his "substantial rights to an interlocutory appeal specifically provided by the legislature with the purpose of avoiding the expense of pretrial discovery." *Id.*

By denying Dr. Cooper a hearing on his Plea while greenlighting a discovery dispute and dispositive motion on the merits, the trial court is making tactical litigation decisions for the parties when it may lack jurisdiction altogether. This overreach must be halted.

## **PRAYER**

Because this hearing is scheduled to take place in just over a week, and Dr. Cooper will be forced to continue litigating the merits of the case, Dr. Cooper respectfully requests that the Court issue an administrative stay of the entire case to preserve this Court's jurisdiction and protect his substantial rights until the Court resolves the pending mandamus petition.

4

May 22, 2025

Respectfully submitted,

/s/ Avi Moshenberg

Nicholas R. Lawson
Texas Bar No. 24083367
Avi Moshenberg
Texas Bar No. 24083532
LAWSON & MOSHENBERG PLLC
801 Travis Street, Suite 2101 #838
Houston, TX 77002
(832) 280-5670
Nick.Lawson@lmbusinesslaw.com
Avi.Moshenberg@lmbusinesslaw.com

Simona Agnolucci (*application for pro hac admission pending*)
Barrington Dyer (*application for pro hac admission pending*)
Jennifer J. Hardy
Texas Bar No. 24096068
Anika Holland (*application for pro hac admission pending*)
Emily Abbey (*application for pro hac admission pending*)
Isabella McKinley Corbo (*application for pro hac admission pending*)
Zoe Packman (*application for pro hac admission pending*)
Rodolfo Rivera Aquino (*application for pro hac admission pending*)
Remy Carreiro (*application for pro hac admission pending*)
Emma Rodriguez (*application for pro hac admission pending*)
WILLKIE FARR & GALLAGHER LLP
333 Bush St, 34th Floor
San Francisco, CA 94104
(415) 858-7470
sagnolucci@willkie.com
bdyer@willkie.com
aholland@willkie.com
eabbey@willkie.com
icorbo@willkie.com
zpackman@willkie.com
rriveraaquino@willkie.com
rcarreiro@willkie.com
erodriguez@willkie.com

ATTORNEYS FOR RELATOR

## CERTIFICATE OF SERVICE

I certify that the foregoing was served upon all interested parties pursuant to TRAP 9.5(b)(2).

s/ *Avi Moshenberg*
Avi Moshenberg

## CERTIFICATE OF COMPLIANCE FOR EMERGENCY STAY

Under Texas Rule of Appellate Procedure 52.10(a), I certify that on May 21, 2025, my co-counsel Anika Holland called counsel for the State and left a voicemail informing them that a motion for temporary relief would be filed the same day. I further certify that on May 21, 2025, my co-counsel Zoe Packman emailed Respondent and all parties informing them a motion for temporary relief will be filed.

s/ *Avi Moshenberg*
Avi Moshenberg

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Avi Moshenberg on behalf of Nicholas Lawson
Bar No. 24083367
avi.moshenberg@lmbusinesslaw.com
Envelope ID: 101144590
Filing Code Description: Motion for Emergency Relief
Filing Description: Dr. Cooper's Emergency Motion to Stay
Status as of 5/22/2025 9:36 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Avi Moshenberg | | avi.moshenberg@lmbusinesslaw.com | 5/22/2025 9:29:03 AM | SENT |
| Simona  Agnolucci | | SAgnolucci@willkie.com | 5/22/2025 9:29:03 AM | SENT |
| Dyer Barrington | | bdyer@willkie.com | 5/22/2025 9:29:03 AM | SENT |
| Anika Holland | | aholland@willkie.com | 5/22/2025 9:29:03 AM | SENT |
| Zoe Packman | | zpackman@willkie.com | 5/22/2025 9:29:03 AM | SENT |
| Remy Carreiro | | rcarreiro@willkie.com | 5/22/2025 9:29:03 AM | SENT |
| Rob Farquharson | | rob.farquharson@oag.texas.gov | 5/22/2025 9:29:03 AM | SENT |
| Johnathan Stone | | johnathan.stone@oag.texas.gov | 5/22/2025 9:29:03 AM | SENT |
| David Shatto | | david.shatto@oag.texas.gov | 5/22/2025 9:29:03 AM | SENT |
| Pauline Sisson | | david.shatto@oag.texas.gov | 5/22/2025 9:29:03 AM | SENT |
| Emily Samuels | | emily.samuels@oag.texas.gov | 5/22/2025 9:29:03 AM | SENT |
| Amy Pletscher | | amy.pletscher@oag.texas.gov | 5/22/2025 9:29:03 AM | SENT |
| Patrick Todd | | patrick.todd@oag.texas.gov | 5/22/2025 9:29:03 AM | SENT |
| Martin Cohick | | martin.cohick@oag.texas.gov | 5/22/2025 9:29:03 AM | SENT |
| Cory Sutker | | cory.sutker@cooperscully.com | 5/22/2025 9:29:03 AM | SENT |
| Jackie Cooper | | jackie.cooper@cooperscully.com | 5/22/2025 9:29:03 AM | SENT |
| Thanh Nguyen | | tdnguyen@winston.com | 5/22/2025 9:29:03 AM | SENT |