

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-25-00048-CV
_____

IN RE TEXAMERICAS CENTER; TEXAMERICAS CENTER PUBLIC FACILITY CORPORATION; TAC EAST HOLDINGS COMPANY NO. 1

Original Mandamus Proceeding

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

## MEMORANDUM OPINION

Relators, TexAmericas Center, TexAmericas Center Public Facility Corporation, and TAC East Holdings Company No. 1 (collectively TAC), seek a writ of mandamus directing the trial court to withdraw its ruling to continue a hearing on their plea to the jurisdiction for the purpose of allowing discovery. Because we conclude that the trial court erred and TAC's appellate remedy is inadequate, we conditionally grant mandamus relief.

## I.    Background

Hooks Independent School District (Hooks ISD) filed its original petition for fraud and promissory estoppel and seeking a permanent injunction on December 4, 2024, related to TAC's alleged failure to make Hooks ISD "whole from any revenue loss as a result of the passage of Special Legislation," which "provided that a leasehold or other promissory interest granted to a person or entity by TAC . . . would be exempt from paying *ad valorem* taxes during the period that TAC . . . own[ed] the fee interest in the property." On December 19, 2024, TAC filed a plea to the jurisdiction. Hooks ISD then amended its petition on February 11, 2025, asserting an additional claim for breach of contract, and on February 19 and February 28, 2025, Hooks ISD served TAC with requests for production and interrogatories. TAC filed a renewed plea to the jurisdiction on February 20, 2025. TAC's renewed plea sought to dismiss with prejudice Hooks ISD's suit against them. TAC asserted that governmental immunity barred suit as Hooks ISD's pleadings failed to show any waiver of immunity.

The trial court set a hearing on TAC's renewed plea for April 28, 2025. TAC then filed a motion for protective order from discovery, seeking to have all discovery stayed until the

2

renewed plea had been heard and decided.  Hooks ISD responded and argued that TAC was challenging "more than just the sufficiency of [Hooks ISD]'s pleadings."  Hooks ISD's response to TAC's motion to stay discovery further asserted that the renewed plea was an evidence-based jurisdictional challenge and, accordingly, that discovery was needed to make a jurisdictional determination.  Hooks ISD then moved the trial court to continue the hearing on TAC's renewed plea and to allow discovery prior to ruling on the renewed plea.  TAC opposed Hooks ISD's motion to continue the renewed plea hearing, reasserting that their renewed plea was pleadings based and must be determined before discovery could commence.

The trial court issued a sua sponte order setting TAC's motion for protective order for a hearing on April 28, 2025.  The order further noted that the hearing on TAC's renewed plea was "continued until a date to be determined."  After the April 28 hearing, the trial court entered an order court denying TAC's motion for protective order, continuing the renewed plea hearing to July 11, 2025, and allowing Hooks ISD to conduct discovery during the sixty-day continuance.

On May 23, 2025, TAC filed the instant mandamus petition, arguing (1) that the trial court abused its discretion by continuing the renewed plea to the jurisdiction hearing and ordering discovery before ruling on their pleadings-based plea to the jurisdiction and (2) that their appellate remedy is inadequate.  We requested a response, and Hooks ISD timely responded.  TAC subsequently filed a reply to Hooks ISD's response.

II.     **Mandamus Requirements**

"[M]andamus relief is appropriate if the relator[s] establish[] a clear abuse of discretion for which there is no adequate appellate remedy."  *In re Durnin*, 619 S.W.3d 250, 252 (Tex.

3

2021) (orig. proceeding). The burden is on the relator to provide a sufficient record showing it is entitled to mandamus relief. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding). "A trial court clearly abuses its discretion if 'it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law.'" *Id.* at 839 (quoting *Johnson v. Fourth Ct. of Appeals*, 700 S.W.2d 916, 917 (Tex. 1985) (orig. proceeding)). With respect to the resolution of factual issues or matters committed to the trial court's discretion, the reviewing court may not substitute its judgment for the trial court. *Brady v. Fourteenth Ct. of Appeals*, 795 S.W.2d 712, 714 (Tex. 1990) (orig. proceeding). However, "[a] trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Huie v. DeShazo*, 922 S.W.2d 920, 927 (Tex. 1996) (orig. proceeding) (quoting *Walker*, 827 S.W.2d at 840); *see In re Jorden*, 249 S.W.3d 416, 424 (Tex. 2008) (orig. proceeding). Therefore, an erroneous legal conclusion by the trial court constitutes an abuse of discretion. *Huie*, 922 S.W.2d at 927–28. A clear failure by the trial court to apply the law correctly is an abuse of discretion. *Walker*, 827 S.W.2d at 840.

## III. The Plea to the Jurisdiction Is Pleadings Based

TAC argues that the trial court abused its discretion by continuing the hearing on their renewed plea to the jurisdiction and allowing discovery because their jurisdictional challenge was solely pleadings-based and did not challenge the existence of jurisdictional facts.

If a plea to the jurisdiction challenges the pleadings, the court determines if the pleader has "allege[d] facts that affirmatively demonstrate the court's jurisdiction to hear the cause." *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). If a plea to the jurisdiction, however, challenges the existence of jurisdictional facts, the trial court considers

4

relevant evidence submitted by the parties "when necessary to resolve the jurisdictional issues raised." *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). When the consideration of a trial court's subject-matter jurisdiction requires the examination of evidence, the trial court exercises its discretion in deciding whether the jurisdictional determination should be made at a preliminary hearing or await a fuller development of the case, mindful that this determination must be made as soon as practicable. *Id.* at 554.

Our sister court recently addressed this issue in detail in an opinion which we find persuasive to the matter before our Court. *See In re Bexar Medina Atascosa Cntys. Water Control & Improvement Dist. No. One*, No. 04-24-00538-CV, 2025 WL 466069, at *3 (Tex. App.—San Antonio Feb. 12, 2025, orig. proceeding).

> "A plea to the jurisdiction challenges the court's authority to decide a case." *Heckman*, 369 S.W.3d at 149. When a plea to the jurisdiction is filed, "[t]he trial court must determine at its earliest opportunity whether it has the constitutional or statutory authority to decide the case before allowing the litigation to proceed." *Miranda*, 133 S.W.3d at 226. A plea to the jurisdiction may be presented as either (1) a challenge to the sufficiency of the pleadings, or (2) a challenge to the existence of jurisdictional facts. *Id.* at 226–27. When a plea to the jurisdiction challenges the existence of jurisdictional facts, the trial court considers relevant evidence submitted by the parties and necessary to resolve the jurisdictional issues raised. *Id.* at 227. By contrast, "[w]hen a plea to the jurisdiction challenges the pleadings, [the trial court] determine[s] if the pleader has alleged facts that affirmatively demonstrate [its] jurisdiction to hear the cause." *Id.* at 226. In making this determination, courts "construe the pleadings liberally in favor of the plaintiff[] and look to the pleader['s] intent." *Id.* "If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court['s] jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff[] should be afforded the opportunity to amend." *Id.* at 226–27. "If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without giving the plaintiff[] an opportunity to amend." *Id.* at 227.

Consistent with these tenets, several Texas courts of appeals have concluded that a trial court abuses its discretion when it delays ruling on a jurisdictional plea for the purpose of allowing discovery unnecessary to the jurisdictional challenge. *See In re Dallas Cnty.*, No. 05-21-01144-CV, 2022 WL 1467987, at *3 (Tex. App.—Dallas My 10, 2022, orig. proceeding) ("Because relators' jurisdictional challenges [were] solely based on the sufficiency of the pleadings," "the trial court abused its discretion by compelling *any* discovery before considering the pleas to the jurisdiction."); *In re Brown*, No. 05-20-00639-CV, 2020 WL 4047965, at *3–4 (Tex. App.—Dallas July 20, 2020, orig. proceeding) (concluding trial court abused discretion by deferring ruling on plea to jurisdiction that did not challenge existence of jurisdictional facts); *In re Lamar Univ.*, No. 09-18-00241-CV, 2018 WL 3911062, at *3 (Tex. App.—Beaumont Aug. 16, 2018, orig. proceeding) (concluding trial court's decision to allow discovery unrelated to the jurisdictional issue was an abuse of discretion); *City of Galveston v. Gray*, 93 S.W.3d 587, 592 (Tex. App.—Houston [14th Dist.] 2002, orig. proceeding) (concluding trial court abused discretion in continuing hearing and refusing to rule on defendants' pleas to jurisdiction).

*In re Bexar Medina Atascosa Cntys. Water Control & Improvement Dist. No. One*, 2025 WL 466069, at *3–4 (alterations in original).

The underlying issue that we must resolve here is whether TAC's renewed plea was an attack on the pleadings or the existence of jurisdictional facts. TAC's renewed plea sought dismissal of Hooks ISD's claims arguing that Hooks ISD "failed to plead facts supporting the existence of a written contract" and "failed to demonstrate that [TAC] waived their immunity." TAC argues, and we agree, that the jurisdictional challenge contained in the renewed plea to the jurisdiction was a challenge to Hooks ISD's pleadings regarding the failure to invoke the trial court's jurisdiction. Here, as in *In re Bexar Medina Atascosa Counties Water Control & Improvement Dist. No. One*, TAC's renewed plea to the jurisdiction specifically argued that the live pleadings did not allege a waiver of TAC's immunity—and that, to the extent that a breach of contract claim alleged waiver, no written contract existed. "[T]he crux of [TAC's]

6

jurisdictional challenge was that [Hooks ISD]'s pleadings, taken as true, demonstrated the trial court lacked jurisdiction over its claim." *Id.* at *4.

While Hooks ISD responds that TAC's renewed plea to the jurisdiction is a challenge to the existence of jurisdictional facts and argues that discovery is warranted to flesh out the merits of the challenge, we disagree. TAC's renewed plea to the jurisdiction is based solely on the sufficiency of the pleadings to demonstrate jurisdiction.

Consequently, because TAC's renewed plea to the jurisdiction is a challenge to the pleadings, we hold that the trial court erred by continuing the hearing on the renewed plea to the jurisdiction "for the purpose of allowing discovery that is unnecessary at this stage in the proceeding." *Id.* at *5 (citing *In re Tex. Bd. of Pardons & Paroles*, No. 05-24-01213-CV, 2024 WL 4891065, at *3 (Tex. App.—Dallas Nov. 26, 2024, no pet.) (mem. op.) ("concluding trial court abused its discretion by compelling discovery before ruling on sufficiency of the pleadings jurisdictional challenge"); *In re Dallas Cnty.*, 2022 WL 1467987, at *3 ("Without any fact-dependent jurisdictional arguments requiring further discovery, the trial court was obligated to hear the pleas to the jurisdiction at the earliest opportunity before considering whether to compel discovery.")).

## IV. Inadequate Remedy by Appeal

To obtain mandamus relief, TAC must demonstrate a lack of an "adequate remedy by appeal." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135–36 (Tex. 2004) (orig. proceeding). In the mandamus context, the "word, 'adequate,' has no comprehensive definition; it is simply a proxy for the careful balance of jurisprudential considerations that determine when

appellate courts will use original mandamus proceedings to review the actions of lower courts."

*Id.* at 136. As stated in *In re Prudential Insurance Co. of America*,

> Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Id.* The Texas Supreme Court stated, "[W]hether an appellate remedy is 'adequate' so as to preclude mandamus review depends heavily on the circumstances presented and is better guided by general principles than by simple rules." *Id.* at 137. The Texas Supreme Court, however, still emphasized that mandamus review should be limited to "exceptional cases" and only to prevent impairment of "important substantive and procedural rights." *Id.* at 136.

Here, the "trial court's discovery order effectively requires [TAC] to suffer the burden and expense of litigation before their claims of immunity from suit have been determined—a harm that cannot be adequately remedied on appeal. *In re Dallas Cnty.*, 2022 WL 1467987, at *3. Furthermore, by continuing the hearing on TAC's renewed plea to the jurisdiction, the trial court is denying TAC the "right to a ruling on its jurisdictional challenge at the trial court's 'earliest opportunity.'" *In re Bexar Medina Atascosa Cntys. Water Control & Improvement Dist. No. One*, 2025 WL 466069, at *5 (quoting *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004)). "For these reasons, we conclude [TAC]'s appellate remedy is inadequate." *Id.* (citing *In re Tx. Bd. of Pardons & Paroles*, 2024 WL 4891065, at *3 ("concluding when trial court required governmental entity to engage in jurisdictional discovery in response to a pleadings-based jurisdictional challenge, its 'harm [could not] be adequately

8

remedied on appeal'" (alteration in original)); *In re Dallas Cnty.*, 2022 WL 1467987, at *3 ("concluding when trial court ordered discovery without any fact-dependent jurisdictional arguments, relators lacked an adequate remedy by appeal because they were subjected to the burden and expense of litigation before their immunity claims were determined"); *In re Lamar Univ.*, 2018 WL 3911062, at *3 ("holding relators had no adequate remedy by appeal because the trial court's order subjected them to the burden and expense of litigation before determining their claims of immunity from suit and deprived them of their right to an accelerated appeal")).

## V. Conclusion

Accordingly, we conditionally grant TAC's petition for a writ of mandamus and direct the trial court to withdraw its oral rulings continuing the hearing on the renewed plea to the jurisdiction and ordering discovery. We are confident that the trial court will comply with this opinion, and the writ will issue only in the event that it does not. *See* TEX. R. APP. P. 52.8(c).

Charles van Cleef
Justice

Date Submitted: June 27, 2025
Date Decided: June 30, 2025

9